**KAPLAN v. UNITED STATES.**

No. 42901.

Court of Claims.

April 26, 1937.

Llewellyn A. Luce, of Washington, D. C., for plaintiff.

George W. Billings, of Washington, D. C., and Robert H. Jackson, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, Sp. Assts. to Atty. Gen., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

The provisions of section 44 (a), (b), and (c) of the Revenue Act of 1928, 26 U.S.C.A. § 44 (a–c) and note, and the applicable portions of article 351 of Treasury Regulations 74, are set forth in the mar-

gin.[1] Subdivision (b) (1) of section 44 governs this case. This was a casual sale in 1929 of personal property for a price in excess of $1,000 and the initial payment was less than 40 per cent. of the selling price. Plaintiff, therefore, was entitled to report this transaction on the installment basis and to return as income therefrom in 1929 that proportion of the installment payments actually received in that year which the gross profit realized or to be realized, when payment was completed, bore to the total contract price.

■ The only defense made by counsel for the defendant is that plaintiff, having made an election to report in his return for 1929 the sale of this stock as a completed transaction reflecting a profit of $194,000, is unalterably bound by that election and cannot have his tax for 1929 determined on the basis of an installment sale so far as that transaction is concerned. We think there is no merit in this contention. Section 44 contains no language which may be construed as imposing upon a taxpayer, in a case such as the one at bar, a binding and irrevocable election when such taxpayer erroneously and mistakenly reports in his return for the taxable year the entire profit which it appears at the time may be ultimately received from the transaction, when, as a matter of fact and law, the transaction is an installment sale within the meaning of the federal taxing act and the regulations upon which the taxpayer is entitled to report as income therefrom in the taxable year that proportion of the installment payments actually received in such year which the gross profit realized or to be realized, when payment is completed, bears to the total contract price. Davis v. United States, 46 F.(2d) 377, 71 Ct.Cl. 444; S. J. Schneider, Trustee of Estate of Bagby-Howe Drug Co., Bankrupt, v. Lucas (D.C.) 15 A.F.T.R. 572, reversed on other grounds in Lucas v. Schneider (C.C.A.) 47 F.(2d) 1006. See, also, G.C.M. 2367, VI–2 C.B. 172; G.C.M. 13466, XIII–2 C.B. 144.

■ Counsel for defendant seem to base their claims for a binding election upon the words "may return as income," found in subdivision (a) of section 44 of the Revenue Act of 1928, but these installment-sales provisions of the statute were dealing with all classes of installment sales, and we think it is clear that Congress did not intend that a taxpayer employing

---

[1] § 44. (a) *Dealers in personal property.* Under regulations prescribed by the Commissioner with the approval of the Secretary, a person who regularly sells or otherwise disposes of personal property on the installment plan may return as income therefrom in any taxable year that proportion of the installment payments actually received in that year which the gross profit realized or to be realized when payment is completed bears to the total contract price.

(b) *Sales of realty and casual sales of personalty.* In the case (1) of a casual sale or other casual disposition of personal property (other than property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year), for a price exceeding $1,000, or (2) of a sale or other disposition of real property, if in either case the initial payments do not exceed 30 per centum of the selling price (or, in case the sale or other disposition was in a taxable year beginning prior to January 1, 1934, the percentage of the selling price prescribed in the law applicable to such year), the income may, under regulations prescribed by the Commissioner with the approval of the Secretary, be returned on the basis and in the manner above prescribed in this section. As used in this section the term "initial payments" means the payments received in cash or property other than evidences of indebtedness of the purchaser during the taxable period in which the sale or other disposition is made.

(c) *Change from accrual to installment basis.* If a taxpayer entitled to the benefits of subsection (a) elects for any taxable year to report his net income on the installment basis, then in computing his income for the year of change or any subsequent year, amounts actually received during any such year on account of sales or other dispositions of property made in any prior year shall not be excluded.

Regs. 74, Art. 351: " * * * In the case of a casual sale or other casual disposition of personal property other than property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year, for a price exceeding $1,000, income may be returned on the installment basis provided the payments received in cash or property other than evidences of indebtedness of the purchaser during the taxable year in which the sale or other disposition is made do not exceed 40 per cent of the selling price. * * * "

the cash receipts and disbursements basis of accounting who might report in the year of a sale an entire anticipated profit not actually received could not, if the amount of the initial payments received in such taxable year did not exceed 40 per cent. of the sales price, have his tax for such year later computed on the installment-sales basis. The Treasury Regulations did not so interpret the statute. The statute merely states that the income from an installment sale may be reported in the manner prescribed. It is clear that the words "may return" were used to permit the large number of taxpayers engaged in the installment-sales business to use either the accrual method or the installment-sales method of reporting income, and even where the former is used the statute permits a change to the installment method. The regulations do not so much as imply that a choice of computing profit on one or the other method in reporting a casual sale of property shall be construed as a binding election. The statute gives the Commissioner no discretionary power to reject a timely claim for refund or to refuse to compute a taxpayer's income in a case like the one at bar where the taxpayer on the cash receipts and disbursements basis receives in the taxable year less than 40 per cent. of the sales price under an installment-sales contract. Moreover, the basis on which plaintiff reported the transaction in his return for 1929 and the basis on which the Bureau held him taxable when the claim for refund was finally rejected in 1933 did not clearly reflect plaintiff's income. In March, 1932, almost a year before the Commissioner rejected plaintiff's refund claim, the contract of sale of the stock in question was changed and the then unpaid purchase price thereof was reduced to $75,000. The maximum amount which plaintiff therefore could ever receive under the contract for sale of the stock was $139,999 instead of a net selling price of $240,000, which is $54,-000 in excess of the sum stated as profit in the return for 1929.

■ Counsel for defendant endeavors to make the point that, if plaintiff is permitted to recover in this case, the government may lose some tax on the installment payments received in 1930 and that plaintiff will also escape tax on the installment payments received in 1931 and 1932. The years 1931 and 1932 may be disregarded, for the reason that plaintiff filed no returns for those years and any tax that might be due may still be collected. Any tax that may be barred for 1930 on the installment payments received in that year is barred because of the decision made by the Bureau of Internal Revenue at a time when any tax which might have been due by plaintiff for the year 1930 was not barred. The internal revenue agent in charge at New York filed with the Commissioner a report in November, 1931, showing a computation of plaintiff's tax for 1929 on the installment basis and disclosing an overpayment of $2,084.20. The Bureau rejected this computation, refused to compute plaintiff's tax for 1929 on the installment basis, and notified the plaintiff of that fact by letter of February 29, 1932. This view was adhered to until the final rejection of the claim for refund January 23, 1933.

Plaintiff is entitled to recover, and judgment will be entered in favor of plaintiff for $2,084.20, with interest as provided by law. It is so ordered.