Decided by the Supreme Court upon the authority of Pacific National Co. v. Welch, 304 U. S. 191.
The decision of the Supreme Court, May 2, 1938, in full is as follows:
Respondent and his wife in a joint return of income tax for 1929 reported a profit of $194,000 from the sale of 25 shares of the stock of “No. 1100 Park Avenue,” and disclosed tax of $2,084.20 which was paid. The taxable income was less than the profit in question. It resulted from the sale by him, April 11, 1929, for a net price of $240,000 of stock bought in 1928 for $46,000. The buyer agreed to pay $25,000 cash and the balance in installments of $1,875 a month. For 1930, respondent and his wife filed a return showing no taxable income. For 1931 and 1932, respondent filed no returns. In 1932 he filed a claim for refund of the entire 1929 income tax. The ground for the claim was that he was entitled to report the sale on the installment basis. The findings indicate that the deferred payments werei worth less than face value; after respondent' and his wife (to whom he assigned the contract) had received $55,000, they agreed to accept $75,000 more as full payment. The commissioner rejected the claim and this suit followed. The Court of Claims gave respondent judgment (85 C. Cls. *744 158). This Court granted a writ of certiorari because of conflict between tlie decision and that of the Circuit Court of Appeals for the ninth circuit in Pacific National Company v. Welch, this day affirmed (304 U. S. 191). The question here presented is the same as the one decided in that case. The judgment of the court below must be reversed.
Opinion of the Court by Mr. Justice Butler. Mr. Justice Cardozo and Mr. Justice Reed took no part in the consideration or decision of this case.
In the Pacific National case, referred to above, the Supreme Court held:
A taxpayer who, in his income tax return for 1928, reported income from sales of property according to the deferred payment method, although he might have used the installment method, is not entitled, upon a claim for refund, after the time for filing the return has expired, to have the income computed according to the installment method, at least where it is not shown that the deferred payment method, rightly applied, does not clearly reflect his income. (304 U. S. 191).