JENNIE KING MELLON, RICHARD KING MELLON, SARAH MELLON SCAIFE AND THE UNION TRUST COMPANY OF PITTSBURGH, EXECUTORS OF THE ESTATE OF R. B. MELLON, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 74241. Promulgated November 29, 1938.

1260

*W. A. Seifert, Esq., D. D. Shepard, Esq., Floyd F. Toomey, Esq.,* and *William H. Quealy, Esq.,* for the petitioners.

*Arthur Carnduff, Esq.,* and *Chester Guy, Esq.,* for the respondent.

OPINION.

HILL: The single issue submitted for decision in this case involves an interpretation of section 104 of the Revenue Act of 1928, which provides in subdivision (a) that, if any corporation is formed or availed of for the purpose of preventing the imposition of the surtax upon its shareholders through the medium of permitting its gains and profits to accumulate instead of being divided or distributed, there shall be levied, collected, and paid for each taxable year upon the net income of such corporation a tax equal to 50 per centum of the amount thereof. In such case net income is increased by (1) the dividend deduction allowed under section 23 (p), and (2) the amount of interest on certain obligations of the United States which would be subject to tax in the hands of an individual owner. Subdivision (d) provides that the tax imposed by this section shall not apply if all the shareholders of the corporation include (at the time of filing their returns) in their gross income their entire distributive shares, whether distributed or not, of the net income of the corporation for such year.

Throughout the taxable year 1930, R. B. Mellon, petitioners' decedent, owned all the capital stock of the Mellbank Corporation, a domestic corporation. In his original tax return for 1930 decedent included in the amount of dividends reported the sum of $37,705.09, which represented the undistributed net income of the Mellbank Corporation for the year 1930, as then shown by the books and records of the corporation. Thereafter, respondent determined, and it is now agreed, that the undistributed net income of the corporation, including dividends, for 1930 was $142,964.70, or $105,259.61 more than the amount reported by decedent in his return. In determining the deficiency in controversy, respondent included such additional amount in the taxable income of the decedent.

Petitioners allege that the determination of respondent is erroneous for the reason that the sole stockholder of a corporation is not taxable on any of the undistributed net income of the corporation which the shareholder does not voluntarily include in his gross income at the time of filing his original return. Petitioners further assert (a) that a shareholder including less than his entire distributive share of the net income of a corporation at the time of filing his return may recover the tax paid on the amount so included, and (b) that no part of the undistributed earnings of the Mellbank Corporation may be taxed to its sole shareholder because the corporation was not subject to the tax imposed by section 104 (a), *supra*.

Respondent contends (1) that the decedent taxpayer made a voluntary election to be taxed under section 104 (d), *supra*, and that he, respondent, was without power to compel or deny the exercise of the election; (2) that decedent, having made a binding election, waived all other methods of taxation; and (3) that the failure to return all of the distributive share did not nullify the election, and respondent had the right to audit, adjust, or correct the amount reported by the taxpayer.

We think it is plain that subdivision (d) of section 104 is applicable only in a case involving a corporation subject to the tax imposed by subdivision (a) of that section. To hold otherwise would be to permit the shareholders of any corporation to choose the year in which they desire to be taxed upon their distributive shares of the corporate earnings, whether distributed or not. Such a rule would accord to taxpayers a right of election which is not authorized under the provisions of the income tax statutes. Hence, in the instant case, if the Mellbank Corporation was not subject to tax for the year 1930 under section 104 (a), *supra*, its sole shareholder was not entitled to include in gross income reported in his individual return any portion of his distributive share of the undistributed net income of that corporation, and respondent was without authority to include the balance of the undistributed net income not so reported.

In *Mellbank Corporation*, 38 B. T. A. 1108, we held that this corporation was not formed, nor availed of in the taxable year 1932, for the purpose prohibited in section 104 of the Revenue Act of 1932, which contains the same material provisions as section 104 of the 1928 Act. Respondent does not contend here that the Mellbank-Corporation was *availed of* in 1930 for the purpose of preventing the imposition of the surtax upon its sole shareholder through accumulation of profits, and the evidence submitted in the instant proceeding is even more persuasive that such was not the case than was the evidence we considered in respect of the year 1932. We hold,

therefore, that the Mellbank Corporation was neither formed nor availed of in 1930 for the purpose stated, and was not subject to tax under section 104 (a), *supra*, for that year. The deficiency will be redetermined by eliminating from the decedent's gross income the amount of the undistributed net income of the Mellbank Corporation as computed and included therein by respondent.

The conclusion reached disposes of the only issue submitted for decision, and renders it unnecessary to consider here other contentions of the respective parties referred to above.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*