VISTA DEL ARROYO, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10231.   Promulgated April 30, 1928.

*Claude I. Parker, Esq.*, and *Homer H. Tooley, C. P. A.*, for the petitioner.

*Maxwell E. McDowell, Esq.*, for the respondent.

OPINION.

TRUSSELL: The first three issues relate to the computation of the amount of profit or of loss through the sale of the hotel property of petitioner in the taxable year.

In the first issue is a question of the aggregate cost of the assets. It is disposed of by the findings and the stipulation of the parties.

In the second issue, petitioner raises the question of the propriety of a reduction of the original cost by any amount of sustained wear

and tear. In this we are controlled by *United States* v. *Ludey*, 274 U. S. 295, and *Even Realty Co.*, 1 B. T. A. 355.

In the third issue petitioner contends for a revision of the amount of the allowance for wear and tear which has been deducted by respondent from cost in computing the gain from the sale. Respondent has based the computation upon annual averages of 5 per cent of cost of buildings and of 10 per cent of cost of furniture and fixtures. It appears that one of the original buildings, after 40 years use, is still in active use. After careful consideration of the uncontroverted testimony of several qualified witnesses, we are satisfied that ordinarily annual rates of 3 per cent of cost for the buildings and of 7 per cent of cost for the furniture and fixtures will afford reasonable allowances for the wear and tear of the assets. The record shows, however, that deductions from income for wear and tear were allowed for the years 1916 to 1919, inclusive, with the full concurrence of petitioner in the amounts set out in detail in the findings.

We conclude that the aggregate deduction from cost for wear and tear of the assets sold by petitioner should be computed for the years 1916 to 1919, inclusive, on a basis of the amounts actually allowed as deductions from income as set out in the findings, and for all other years on a basis of 3 per cent of cost for the buildings and 7 per cent of cost for the furniture and fixtures. Cf. *United States* v. *Ludey, supra.*

In the fourth issue petitioner contends for a computation of the profits tax upon the same ratio of net income as the average tax of representative corporations engaged in a like or similar trade or business. Such a computation is provided for in section 328 of the Revenue Act of 1918 in certain special cases specified in section 327 of the same Act. Petitioner claims inclusion in the class of cases thus specified in section 327 (d):

Where upon application by the corporation the Commissioner finds and so declares of record that the tax if determined without benefit of this section would, owing to abnormal conditions affecting the capital or income of the corporation, work upon the corporation an exceptional hardship evidenced by gross disproportion between the tax computed without benefit of this section and the tax computed by reference to the representative corporations specified in section 328.

After three months operation in the taxable year petitioner saw fit, for reasons of its own, to sell out at a time when the dull season was about to set in.

Petitioner claims that the profits derived from operations are in excess of the amount it would have reported had it continued to operate for a full year, due to probable operating losses during the usually dull summer season. Obviously this is pure speculation and, furthermore, the income which petitioner realized in three months is

nevertheless reported on the basis of a year and petitioner has enjoyed on the full year basis the statutory exemptions derived from its invested capital the amount of which is not disputed. There is no abnormality here. Section 327 does not apply. Compare *Logan-Gregg Hardware Co.*, 2 B. T. A. 647.

*Judgment will be entered on 15 days' notice, under Rule 50.*