SANFORD F. DE VED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 23968, 29740.   Promulgated March 22, 1929.

*William Cogger, Esq.*, for the petitioner.
*James A. O'Callaghan, Esq.*, and *T. A. Bayer, Esq.*, for the respondent.

OPINION.

LANSDON: In each of the taxable years here involved the petitioner and his brother were partners in the ownership and operation of a hotel in Elmira, N. Y., and the tax liability here in controversy attaches to his 50 per cent share of the distributable income of such partnership.

The respondent asserts deficiencies in income tax for the years 1922, 1923, 1924, and 1925 in the respective amounts of $1,165.80, $735.03, $380.45, and $659.77. Petitioner alleges that the Commissioner erred (1) in his computation of depreciation on building and furniture and fixtures, and (2) in disallowing certain deductions taken in each taxable year as ordinary and necessary expenses incurred by the partnership in a trade or business. The parties have stipulated that the value of the buildings at March 1, 1913, was $100,000, and that the correct annual rate of depreciation is 3½ per cent. At the hearing the petitioner abandoned his contentions in respect of that part of the deduction taken for miscellaneous expenses which the Commissioner disallowed in each of the taxable years. By agreement of the parties the two proceedings were consolidated for hearing and decision.

The only question that remains for our consideration is whether the Commissioner erroneously disallowed as deduction from the gross income of the partnership certain amounts alleged to represent depreciation on furniture, fixtures, and equipment.

In addition to the jurisdictional and other facts pleaded by the petitioner and admitted by the respondent or stipulated by the

parties, the Board, on the record, can find as facts only that the Commissioner has determined that at March 1, 1913, the depreciated cost of furniture and fixtures then owned and used by the partnership was $50,303.53, and that subsequent to such date and in the years 1913, 1914, 1915, 1916, and 1921 such partnership paid a furniture dealer certain amounts aggregating $4,591.33, installed an ice machine and made payments thereon in the amount of $4,069.29, and some time in 1921 added a new boiler to its equipment and in that year paid out $3,142.19 on account thereof. The parties agree that the costs of the furniture, ice machine and boiler acquired in 1913, 1914, 1915, 1916, and 1921, were charged to operating expense. The petitioner now contends that the partnership should be allowed to take the cost of such purchases, so far as proof thereof is convincing, into its capital assets account in each of the taxable years for depreciation purposes, and in support of such contention cites our decision in *Gilliam Manufacturing Co.*, 1 B. T. A. 967, and in many subsequent proceedings dealing with similar facts and questions. Upon authority of such decisions it follows that the contention of the petitioner must be sustained if he proves cost, date of purchase, average useful life, and possession and use in the taxable years of the assets erroneously charged to expense.

The record includes certain schedules of amounts paid out by the partnership to furniture and hardware dealers and others in 1913, 1914, 1915, 1916, and 1921. The petitioner testified that to the best of his knowledge and belief a considerable part of such payments represented the cost of furniture and equipment still in use in the taxable years. The items thus identified fall into the three categories heretofore indicated. We are unable to fix the date at which the ice machine was purchased. It may have been before or after March 1, 1913, and if before, we assume that the cost was included in depreciable assets owned by the partnership at that date. It may have been acquired after March 1, 1913, as the evidence indicates, but does not prove. If so, we are without any information to enable us to determine the rate of depreciation which should be allowed. An ice machine certainly is not furniture, and probably is not a permanent improvement that attaches to and becomes a part of the building in which it is operated. If it is machinery, we know nothing of its useful life. The evidence in respect of the furniture proves nothing more than payments therefor and leaves us without information as to the dates of purchase and installation. Many of such payments were in round figures, indicating either that they were installments on a large prior purchase, or in partial discharge of a running account. There is a strong probability that some of such payments were on account of purchases made prior to March 1, 1913. Upon

the record we can not hold that the furniture, said to have been acquired in 1913, 1914, 1915, 1916, and 1921, is depreciable in the taxable years to the extent claimed. The petitioner testified that the new boiler was acquired and installed in 1921 and the record shows that a first payment was made thereon in April, 1921, and that the total of such payments in that year was $3,142.19. As no different rate is shown for the computation of depreciation on the boiler from that used upon the building structure, the amount of $3,142.19 should be added to the stipulated value of the building for the purpose of computing depreciation in each of the taxable years. In all other respects the evidence fails to show that depreciation allowed by the Commissioner in each of the taxable years was erroneously computed.

*Decision will be entered, under Rule 50.*