## WILLIAM B. SCAIFE & SONS COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 94813. Promulgated February 6, 1940.

*Samuel Kaufman, Esq.*, for the petitioner.
*J. Harrison Miller, Esq.*, and *Orris Bennett, Esq.*, for the respondent.

### OPINION.

SMITH: This proceeding involves an income tax deficiency for 1936 in the amount of $1,946.63 and an excess profits tax deficiency for that year in the amount of $942.15. Petitioner alleges that the respondent erred (1) in adding to its income an overstatement of Pennsylvania capital stock tax in the amount of $1,919.97, and (2) in refusing to allow a declared capital stock value of $1,000,000 as a basis for computing its excess profits tax.

The first issue has been settled by stipulation filed at the hearing, the parties having stipulated that petitioner is entitled to a deduction from gross income in the amount of $917.55, in addition to the amount of $2,294.25 previously allowed, and may be entitled to a further deduction in the amount of $229.42 depending upon the action taken on its petition to the Pennsylvania Board of Finance and Revenue.

As to the second issue the essential facts are as follows:

On July 29, 1936, there was filed on behalf of the petitioner a Federal capital stock tax return for the period ended June 30, 1936,

in which the original declared value of its capital stock was stated at $600,000. This return was prepared by the petitioner's treasurer and was signed by petitioner's president, J. V. Scaife.

Early in September 1936 it came to the attention of petitioner's officers that in the preparation of the return the petitioner's treasurer had declared a capital stock valuation of $600,000, whereas he had been instructed by petitioner's vice president, A. M. Scaife, to report a declared capital stock value of $1,000,000. Petitioner's president, who signed the return, did not examine it carefully and was not aware of the fact that the lower capital stock valuation of $600,000 had been declared. The petitioner's president, J. V. Scaife, and its vice-president, A. M. Scaife, were brothers.

On September 3, 1936, the petitioner lodged with the collector of internal revenue at Pittsburgh, Pennsylvania, its Federal capital stock tax return for the period ended June 30, 1936, in which the declared value of its capital stock was stated at $1,000,000 and tendered to the collector its remittance in the amount of $400 to cover the additional Federal capital stock tax computed on that basis. The collector returned to the petitioner the $400 so tendered and refused to accept for filing the amended capital stock tax return, but did retain the return and transmit it to the Commissioner of Internal Revenue as a part of the record in the case.

On November 24, 1936, the petitioner instituted in the District Court of the United States for the Western District of Pennsylvania an action seeking to enjoin the collector of internal revenue at Pittsburgh from refusing to receive and accept the amended return and substitute it for the original return previously filed. The petition was denied by the District Court, 18 Fed. Supp. 748, and the lower court's opinion was affirmed by the United States Circuit Court of Appeals for the Third Circuit, 94 Fed. (2d) 664.

Section 105 of the Revenue Act of 1935 provides in part as follows:

SEC. 105. CAPITAL STOCK TAX.

(a) For each year ending June 30, beginning with the year ending June 30, 1936, there is hereby imposed upon every domestic corporation with respect to carrying on or doing business for any part of such year an excise tax of $1.40 for each $1,000 of the adjusted declared value of its capital stock.

\* \* \* \* \* \* \*

(d) Every corporation liable for tax under this section shall make a return under oath within one month after the close of the year with respect to which such tax is imposed to the collector for the district in which is located its principal place of business or, if it has no principal place of business in the United States, then to the collector at Baltimore. Maryland. Such return shall contain such information and be made in such manner as the Commissioner with the approval of the Secretary may by regulations prescribe. The tax shall, without assessment by the Commissioner or notice from the collector, be due and payable to the collector before the expiration of the period for filing the return. \* \* \*

\* \* \* \* \* \* \*

(f) For the first year ending June 30 in respect of which a tax is imposed by this section upon any corporation, the adjusted declared value shall be the value, as declared by the corporation in its first return under this section (which declaration of value cannot be amended), as of the close of its last income-tax taxable year ending at or prior to the close of the year for which the tax is imposed by this section (or as of the date of organization in the case of a corporation having no income-tax taxable year ending at or prior to the close of the year for which the tax is imposed by this section). * * *

In *Haggar Co.* v. *Helvering*, 308 U. S. 389, the Supreme Court held that the declaration of capital stock value as contained in the first capital stock tax return filed by a taxpayer pursuant to section 215 of the National Industrial Recovery Act of 1933, 48 Stat. 195, 207, which was carried forward into the subsequent revenue acts, may be amended within the time fixed for filing such return. The Board and some of the lower courts previously had taken the view that the statute permitted no amendment to the declaration of value contained in the first return properly filed by the taxpayer. See *William A. Webster Co.*, 37 B. T. A. 800; *Haggar Co.*, 38 B. T. A. 141; affd., 104 Fed. (2d) 24; *A. J. Crowhurst & Sons, Inc.*, 38 B. T. A. 1072; *Blake & Kendall Co.* v. *Commissioner*, 104 Fed. (2d) 679; *Chicago Telephone Supply Co.* v. *United States*, 23 Fed. Supp. 471; certiorari denied, 305 U. S. 628. The *Haggar Co.* case sustains *Glenn* v. *Oertel Co.*, 97 Fed. (2d) 495, and *Philadelphia Brewing Co.* v. *United States*, 27 Fed. Supp. 583, where the opposite view was taken.

There is a factual difference between the instant case and the *Haggar Co.* case which we believe to be vital. There, the amended capital stock tax return containing the new declaration of value was offered within the statutory time for filing such return, as extended by Treasury Decisions 4368 and 4386, whereas in the instant case the amended return was not submitted to the Commissioner until after the expiration of the due date.

Under section 105 (a) and (d), above, the time for filing the capital stock tax return for the petitioner's taxable year ended June 30, 1936, expired on July 31, 1936. So far as the stipulated facts disclose, or as we are able to determine from an examination of the Treasury decisions and rulings, no extension of the time for filing such return was granted either by general extension, as in the *Haggar Co.* case, or by specific grant to this petitioner. Apparently no extension of time for filing was asked and no amendment of the return which it had already filed was suggested by the petitioner until September 3, 1936, more than a month after the expiration of the filing period.

Throughout its opinion in the *Haggar Co.* case the Court emphasized that the amended return there was offered within the time for filing of the return for that taxable year. We quote from the opinion:

In August, 1933, petitioner, a Texas corporation, mistakenly believing that it was required to state the par value of its issued capital stock in its tax return,

filed a *timely return* for the year ending June 30, 1933, \* \* \* The date for filing returns for that year having been extended to September 29, 1933, T. D. 4368, 4386, petitioner *before that date* filed an amended return. \* \* \*
\* \* \* The Circuit Court of Appeals for the Fifth Circuit affirmed, holding that § 215 (f) by its terms precluded any amendment of the tax return for the first year even though made *within the time allowed* for filing the return. 104 F. (2d) 24. \* \* \*

The Commissioner founds his argument in support of the decision below upon a literal reading of the introductory sentence of § 215 (f) already quoted, which, he argues, precludes even a *timely amendment* of the tax return for the first year, and upon the administrative and Congressional interpretation of the statute. He insists that the phrase "first return" in the clause "declared value shall be the value as declared by the corporation in its first return under this section (which declaration of value cannot be amended)", means the first paper filed by the taxpayer as a return, and that these words plainly forbid any amendment of the declared value of the capital stock, even though made *within the time allowed* for filing the return.

\*     \*     \*     \*     \*     \*     \*

"First return" thus means a return for the first year in which the taxpayer exercises the privilege of fixing its capital stock value for tax purposes, and includes a *timely amended return* for that year. A *timely amended return* is as much a "first return" for the purpose of fixing the capital stock value in contradistinction to returns for subsequent years, as is a single return filed by the taxpayer for the first tax year. *Glenn* v. *Oertel Co.*, *supra; Philadelphia Brewing Company* v. *United States, supra;* see also, similarly construing the phrase "first return" under § 114 (b) (4) of the Revenue Act of 1934, 48 Stat. 680, 710; *C. H. Mead Coal Co.* v. *Commissioner*, 106 F. (2d) 388, 390; cf. *Pacific National Co.* v. *Welch*, 304 U. S. 191, 194. Thus read the statute gives full effect to its obvious purposes and to the evident meaning of its words. To construe "first return" as meaning the first paper filed as a return, as distinguished from the paper containing a *timely amendment,* which, when filed is commonly known as the return for the year for which it is filed, is to defeat the purposes of the statute by dissociating the phrase from its context and from the legislative purpose in violation of the most elementary principles of statutory construction. [Italics supplied].

As we read the Court's opinion it goes no farther than to say that an amended capital stock tax first taxable year return containing a revised capital stock valuation may be filed within the time lawfully prescribed for filing such return. Without such a limitation on the time for filing an amended return the purpose of the statute to have a definite and fixed declaration of value "for the first taxable year," as was recognized by the court, would be defeated, since the taxpayer might in any subsequent year submit an amended return declaring a different value.

In the circumstances here disclosed the refusal of the Commissioner to accept the amended return offered by the petitioner after expiration of the period for filing the return for the taxable year was not an abuse of his discretionary powers. Cf. *Morrow, Becker & Ewing, Inc.* v. *Commissioner*, 57 Fed. (2d) 1. The law under

which the original return was filed was not a "new law", as in the cited case, and the petitioner had had ample notice of its rights and obligations under the statute.

Petitioner's contention is that the understatement of the value of its capital stock as disclosed in its original return was due to the error of its officers who prepared and signed the return. However that may be, the mistakes of its officers do not relieve the petitioner of the consequences of its failure to comply with the law. See *Pioneer Automobile Service Co.*, 36 B. T. A. 213; *George S. Groves*, 38 B. T. A. 727.

The petitioner, having timely filed its capital stock tax return for the year ended June 30, 1936, and the period for filing such return for that year having expired on July 31, 1936, we are of the opinion that petitioner was not entitled to file an amended return changing the declaration of value contained in the original return.

Reviewed by the Board.

*Decision will be entered under Rule 50.*