MAINE CENTRAL TRANSPORTATION COMPANY, A CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 97221. Promulgated July 12, 1940.

*O. R. Folsom-Jones, Esq.*, for the petitioner.
*J. T. Haslam, Esq.*, for the respondent.

354

OPINION.

MURDOCK: The petitioner claims the right to a deduction equal to the amount which it paid Railroad in each year under the contract of December 1, 1933. These payments, it says, are ordinary and necessary expenses paid during each taxable year in carrying on its business. Sec. 23 (a), Revenue Acts of 1934 and 1936. The payments were made pursuant to the contract of December 1, 1933, and the circumstances under which that contract was entered into, as well as the terms of the contract, may show whether the payments were ordinary and necessary expenses of carrying on the business of the petitioner.

All of the capital stock of the petitioner was owned by a subsidiary of Railroad at the time the petitioner took over the motor lines. Later, Railroad itself became the owner of all of the stock of the petitioner. Thus, the petitioner was at all times entirely under the control of Railroad. The terms of the contract of December 1, 1933, were not agreed to by parties with adverse interests dealing at arm's length but were just what Railroad wanted them to be. The record does not show that the payments were necessary to the operation of the business of the petitioner or that they were reasonable compensation to Railroad for services rendered to the petitioner. *Moxa Building Co.*, 31 B. T. A. 457; affd., 79 Fed. (2d) 1004; *Traylor Engineering & Mfg. Co.* v. *Lederer*, 271 Fed. 399; certiorari denied, 257 U. S. 638. The contract appears to be merely a means adopted by Railroad to secure distribution to it of the profits of the petitioner. Those profits were earned by the petitioner. They were not earned by Railroad. Railroad could not relieve the petitioner from tax by merely taking over the earnings of the petitioner.

Railroad received compensation in the form of interest for the money it advanced to the petitioner. It also allowed the petitioner to use its terminal, traffic, and ticket office facilities free of charge. If the petitioner had been required to pay for the use of those facilities and the amount paid had been shown and claimed as a deduction, the decision in this case might be different. But it has not been shown that any part of the profits paid to Railroad were in payment for the use of facilities of Railroad. The two businesses complemented one another. Benefits flowed both ways. The business of

the petitioner reduced the expenses of Railroad. The contract stated that, in recognition of those savings, Railroad agreed to advance the funds for equipment. Even though Railroad may have deserved some compensation for the risk it took in regard to possible losses of the petitioner, nevertheless the entire earnings of the petitioner were not required as reasonable compensation for the assumption of that risk. The record does not justify the allocation of any part of the profits as compensation for that risk.

The Commissioner, in his determination of the deficiency, mentioned section 45 of the Revenue Act of 1934, which deals with the allocation of income and deductions and authorizes the Commissioner, in the case of two organizations owned or controlled directly or indirectly by the same interests, to distribute, apportion, or allocate gross income or deductions between them if he deems it necessary in order to prevent evasion of taxes or clearly to reflect the income of any such organization. Thus, even if the petitioner were otherwise entitled to the deduction which it claims, the action of the Commissioner in allocating the gross income and deductions of this petitioner so that its income may be clearly reflected, seems entirely proper under section 45.

The next contention of the petitioner is that it is entitled to have its income tax liability for each year computed upon the basis of a consolidated return as an affiliate of Railroad. Section 141 (d) (3) excludes a corporation which is not a common carrier by railroad and operates a business other than that of a common carrier by railroad from an affiliated group of common carriers by railroad. The petitioner is not a common carrier by railroad within the meaning of that section. *Norfolk Southern Bus Corporation*, 39 B. T. A. 472; affd., 107 Fed. (2d) 304. Thus by the express terms of the statute, the petitioner is excluded from any affiliated group, including Railroad. Furthermore, the Commissioner, in accordance with authority delegated to him in the act, has promulgated Regulations 89, containing article 10 (a) (1), which provides that the privilege of making a consolidated return must be exercised at the time of making the return of the common parent corporation and under no circumstances thereafter. Article 12 (b) requires that each subsidiary prepare duplicate originals on form 1122 consenting to the regulations and authorizing the common parent corporation to make a consolidated return on its behalf. No consolidated returns were filed on behalf of the petitioner for the taxable years, the petitioner did not consent to the filing of such returns, and, on the contrary, the petitioner filed separate returns for each of the years. The first alternative contention of the petitioner is denied.

The second alternative contention made by the petitioner is that it should be permitted to amend the declared value of its capital stock

reported in its capital stock tax returns for the years ended June 30, 1934, 1935, and 1936.  It desires to increase those values so that it will have no excess profits tax to pay after taking into account the adjustments to its net income which result from our decision of the first issue.  The parties are in agreement as to an adjustment under section 701 (f) of the Revenue Act of 1934 of the return for the year ended June 30, 1935.  The petitioner did not file amended capital stock tax returns for any of the years within the time allowed for filing such returns.  Its original returns were not incorrect.  *Haggar Co.* v. *Helvering*, 308 U. S. 389, and *Flomot Gin Co.*, 40 B. T. A. 689, are not in point.  The Board distinguished the *Haggar* case in *William B. Scaife & Sons Co.*, 41 B. T. A. 278, and held that a valuation declared in the original capital stock tax return may not be changed after the expiration of the period for filing the return has expired.  That decision is controlling here and it follows that the second alternative contention of the petitioner must be denied.  We assume that the petitioner has abandoned its contention that it would be unconstitutional to impose the excess profits taxes upon its net income, as now determined, without a revision or adequate increase in the adjusted declared value of its capital stock.  This point was the subject of an amendment to the petition, but it is not mentioned by the petitioner in its brief.

*Decision will be entered for the respondent.*