Hotel De Soto Company v. Commissioner.
Hotel De Soto Co. v. Commissioner
Docket No. 3215.
United States Tax Court
1945 Tax Ct. Memo LEXIS 218; 4 T.C.M. (CCH) 434; T.C.M. (RIA) 45146; April 25, 1945
*218 1. The Commissioner determined deficiencies in petitioner's income tax and declared value excess profits tax for each of the years 1939 and 1940. These deficiencies were due to the Commissioner's disallowance of certain portions of the deductions for depreciation which petitioner had claimed on its return for each of the taxable years. Petitioner has failed to show by any evidence that the determination of the Commissioner is erroneous. Held, the determination of the Commissioner is presumed to be correct and must be sustained for the lack of any evidence to show that it is error. 2. Petitioner at the time provided by law filed capital stock tax returns, Form 707, for the years involved herein, disclosing the value of the capital stock to be "none". After the time fixed for the filing of such capital stock tax returns had expired and petitioner learned of the Commissioner's disallowance of a portion of its deductions for depreciation and that it would be subject to declared value excess profits tax on the income reported, petitioner sought permission to amend its capital stock returns which had been previously filed so as to declare a value which would cause it to be free from *219 declared value excess profits tax. The Commissioner refused permission to file such proposed amended capital stock returns because the request came too late. Held, the Commissioner in so doing committed no error. Scaife Co. v. Commissioner, [314 U.S. 459] 62 S. Ct. 338, affirming 41 B.T.A. 278. Robert A. Ainsworth, Jr., Esq., American Bank Bldg., New Orleans, La., for the petitioner. D. Louis Bergeron, Esq., for the respondent. BLACK Memorandum Opinion BLACK, Judge: The Commissioner has determined deficiencies against petitioner as follows: Income Tax
Year
Deficiency
1939
$ 848.17
1940
1,261.17
Declared Value Excess-Profits Tax
Year
Deficiency
1939
$ 882.40
1940
1,139.22 The deficiencies are due to the disallowance by the Commissioner of part of *220 the depreciation deductions claimed by petitioner on its return for each of the taxable years. For the year 1939 the Commissioner determined that petitioner was entitled to deduction for depreciation in the amount of $14,510.66 instead of the amount of $24,135.70 claimed on its return. For the year 1940 the Commissioner determined that petitioner was entitled to deduction for depreciation in the amount of $14,523.57 instead of the amount of $23,809.14 claimed on its return. Petitioner, by appropriate assignments of error contests the correctness of the foregoing determinations of the Commissioner. [The Facts] The facts have been stipulated and, as stipulated, are adopted as our findings of fact. Hotel De Soto Company, hereinafter referred to as the petitioner, is a corporation organized and existing under the laws of the State of Louisiana, with its principal office and place of business located in New Orleans, Louisiana. Petitioner filed with the Collector of Internal Revenue for the District of Louisiana, corporation income and declared value excess profits tax returns, Form 1120, for the calendar years 1939 and 1940, disclosing net losses and no tax liability. In the *221 returns petitioner claimed depreciation in the amounts of $24,135.70 for the year 1939 and $23,809.14 for the year 1940. The hotel building and annex, constructed of brick, known as the De Soto Hotel, were erected in 1913. In each of the taxable years, petitioner claimed depreciation on the said buildings at three percent or on the basis of a 33 1/3 year life. The respondent determined the life of the building and annex to be 42 years as of the date of erection thereof and a remaining 16 1/2 year life as of December 31, 1938, in arriving at the depreciation for the years herein involved, 1939 and 1940. The hotel building and annex are under lease to De Soto Hotel Company, an affiliate of National Hotels Company, Galveston, Texas, operators of a number of hotels in the United States. The lease was executed in 1933 for a period of 18 years and will expire January 31, 1951. Under the terms of the lease the lessee agrees to maintain the premises in good, first-class condition during the term of the lease. In addition, lessee is to maintain and replenish the furnishings and equipment as needed throughout the life of the lease. Under the terms of the lease lessor, petitioner herein, *222 retains the right to inspect the properties periodically in order to ascertain if lessee is carrying out his agreement thereunder. In arriving at the undepreciated cost of the hotel building and annex as of December 31, 1938, respondent determined the amount of depreciation allowed or allowable for all years from 1913 to 1938. With reference to the carpets and rugs, furniture and fixtures, and machinery contained in the buildings and annex, no depreciation is, or has been, allowed since the inception of said lease for the reason that under the terms of said lease, said equipment is to be maintained and returned in good condition. Petitioner assigns no error as to this. The respondent determined that the depreciation claimed on the returns was excessive, and as a result disallowed $9,625.04 for 1939 and $9,285.57 for 1940, based upon the following computation: Undepreciated
Remain- Depreciation
Balance
ing
Depreciation
Assets
Cost
Sustained
12-31-38
Years
1939
1940
Hotel (Brick)
$381,171.86
$282,031.36
$ 99,140.70
16 1/2
$ 6,008.53
$ 6,008.53
Improvements
1925
41,639.17
21,293.88
20,435.29
16 1/2
1,233.05
1,233.05
1929
5,647.98
2,259.20
3,388.78
16 1/2
205.38
205.38
1932
5,638.38
1,688.94
3,949.94
16 1/2
239.39
239.39
1937
7,100.00
355.00
6,745.00
16 1/2
408.79
408.79
Annex (Brick)
66,281.91
46,665.75
19,616.16
16 1/2
1,188.86
1,188.86
Carpets and Rugs
17,684.66
12,902.90
4,781.67
Furniture and Fixtures
113,562.47
74,173.71
39,388.76
Machinery
106,919.58
90,586.41
16,333.17
Other Assets: Baronne Apts.
Carpets and Rugs
10,131.51
7,973.03
2,158.48
Var.
381.12
381.12
Furniture and Fixtures
24,452.60
17,383.25
7,069.35
Var.
354.68
367.59
Laundry Bldg. (Frame)
48,884.32
29,941.44
18,942.88
12
1,578.57
1,578.57
R. E. Bldg. (Frame)
102,786.91
67,839.42
34,947.49
12
2,912.29
2,912.29
TOTALS
$931,901.85
$655,094.18
$276,807.67
$14,510.66
$14,523.57
*223 On the subject of petitioner's filing of capital stock returns for the two taxable years in question, the only facts in the record are those which have been stipulated, as follows: "At the time provided by law petitioner filed Capital Stock Tax Returns, Form 707, for the years involved herein, disclosing the value of the capital stock to be 'none.' Petitioner has sought to obtain permission from the respondent to file amended returns but respondent has refused to permit petitioner so to do, stating that the law, regulations and decisions of the various federal courts forbid it." It, of course, requires no citation of authority to establish the principle that the deficiencies which the Commissioner has determined are presumed to be correct. The burden of proof is on petitioner to show that these deficiencies are incorrect. This burden of proof, the petitioner has wholly failed to meet. At the hearing a stipulation of facts was filed. There was no oral testimony. The stipulation of facts which was filed does not show that the remaining useful life of petitioner's depreciable property was any different from that which the Commissioner has determined; it does not show that the cost *224 of any of the various properties involved was any different from that which the Commissioner has determined; it does not show that depreciation allowed or allowable in prior years was different from that which the Commissioner has determined; it does not show that the salvage value of the property at the end of its useful life will be any different from that which the Commissioner has determined. In short, there are no facts whatever in the record from which we could find that the Commissioner has erred in his determination of the deductions for depreciation to which petitioner is entitled in each of the taxable years. In this situation we must affirm the Commissioner. In its brief petitioner argues that it is inequitable for the Commissioner, after having allowed it to deduct depreciation at the rate of three percent per annum for a good many years, to change the rate in 1939 and 1940 to a lesser figure based on a longer estimated life of the properties involved. The only way we could determine the Commissioner's action to be inequitable would be upon evidence submitted to us and, as we have already pointed out, none has been submitted which would justify us in so holding. In *225 Second Carey Trust, 41 B.T.A. 800, affirmed on other grounds 126 Fed. (2d) 526, the Board, on the issue of depreciation, held as follows: The determination of the respondent is prima facie correct and the burden is on the petitioner who alleges error to show by competent evidence that it is erroneous. At the hearing petitioner, who it appears was in possession of the necessary facts, introduced no evidence to show that it is entitled to depreciation * * * and there are no facts in the record upon which either depreciation * * * can be determined. We are therefore unable to determine that petitioner is entitled to any depreciation. * * * * *
Since petitioner has not furnished us with figures as to value or costs, we can not hold that the respondent erred in his determination as to depreciation * * *. In its brief petitioner says: "Previous decisions of the Board of Tax Appeals illustrates rates of depreciation for hotel buildings similar or in excess to that deducted by petitioner." Petitioner then cites cases as follows: * * * In Capitol Park Hotel Corporation, 5 B.T.A. 1160, a rate of three per cent was approved; in De Ved, 15 B.T.A. 1035, *226 a rate of three and one-half per cent was approved; in Iron City Improvement Co., 4 B.T.A. 305, a rate of five per cent was approved; in Pittsburgh Hotels Co. v. Com., 43 Fed. (2d) 345, a rate of three and one-half per cent was allowed; in Seven Nineteen Fifth Ave. Co., 5 B.T.A. 565, a rate of three per cent was approved; in Twelve East Thirty-first Hotel Co., 3 B.T.A. 76, a rate of four per cent was allowed; and in Vista Del Arroyo, 11 B.T.A. 893, a rate of three per cent was approved. A reading of the above-cited cases will, of course, disclose that the decision as to the proper rates of depreciation to be allowed in each of those cases was based upon the evidence which was in the record. What constitutes "a reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence) of property used in the trade or business" as provided by section 23, I.R.C., is always one of fact and must be decided by us upon the facts which are in the record. For the lack of any facts to show that the Commissioner erred in his determination of the depreciation deductions to which *227 petitioner was entitled in each of the taxable years we affirm the Commissioner. Petitioner also in his brief complains that the Commissioner would not allow it to amend its capital stock returns after it had learned that the Commissioner had disallowed part of its claimed deductions for depreciation. Petitioner on this point states in its brief, as follows: * * * Petitioner then sought to amend its capital stock tax returns, Form 707, in order that the declared value would not be stated "none," but would be stated in such sum as would obviate the necessity of paying an excessprofits tax. Respondent declined to permit these amended returns and refused authority so to do. The petition does not contain any assignment of error alleging that the Commissioner erred in refusing to allow petitioner to amend its capital stock returns for the taxable years. In fact paragraph 4 of the petition concludes with this statement: * * * If respondent's deficiency and readjustment of depreciation is now allowed, great harm and injustice will be done to petitioner, who cannot now amend its capital stock tax return, the time limit for same having long since passed. But even if petitioner had *228 assigned error as to the Commissioner's action in refusing to allow petitioner to amend its capital stock tax return at the time it alleges that it sought to so do, we could not sustain petitioner. There are no facts shown in the record which would give petitioner any right to amend its capital stock returns at the time which it sought permission to do so. It seems clear that at the time petitioner sought permission to amend, the time for any amendment had long since expired. See Scaife Co. v. Commissioner, 62 S. Ct. 338, affirming 41 B.T.A. 278; Helvering v. Lerner Stores Corporation, 62 S. Ct. 341, reversing the Second Circuit which had reversed the Board of Tax Appeals. Decision will be entered for the respondent.