## PACIFIC NATIONAL CO. *v.* WELCH, FORMER COLLECTOR OF INTERNAL REVENUE.

No. 528.   Argued March 3, 1938.—Decided May 2, 1938.

*Mr. Donald V. Hunter,* with whom *Mr. Melvin D. Wilson* was on the brief, for petitioner.

*Mr. Edward J. Ennis,* with whom *Acting Solicitor General Bell, Assistant Attorney General Morris,* and *Messrs. J. Louis Monarch, F. E. Youngman,* and *Stephen M. Farrand* were on the brief, for respondent.

MR. JUSTICE BUTLER delivered the opinion of the Court.

March 14, 1929, petitioner filed its income tax return for 1928. The return reported $137,007.17 as profit resulting from sales of lots in that year. That figure was arrived at by adding to the cash paid in 1928, on account of the sales, the amounts later to be paid, and by deducting from the total the cost of lots and improvements and expenses of the sales.

In 1931 petitioner filed a claim for refund of the entire tax on the ground that the sales had been made on the installment basis, but the profits had been reported as if the sales were for cash, and that this was erroneous. The claim was rejected. Petitioner sued; trial by jury having been waived, the district court made findings of fact and held that petitioner reported income as authorized by the Revenue Act of 1928 and applicable regulations, and thereby made an election which became binding on the expiration of the time allowed for filing the return. Accordingly it gave judgment for respondent. Upon the same ground the circuit court of appeals affirmed. 91 F. (2d) 590. The decision below being in conflict with that of the Court of Claims in *Kaplan* v. *United States,* 18 F. Supp. 965, we granted a writ of certiorari.

Under the applicable statutes and regulations, petitioner could have chosen either of two methods for the ascertainment and report of gain or loss on the sales. The Revenue Act of 1928, 45 Stat. 791, establishes both. Defining one, the "deferred payment method," it declares that gross income includes profits from sales, § 22 (a); regulates the computation of gain or loss, § 22 (e); defines gain to be the excess of the amount realized over the basis, §§ 111 (a), 113; and provides that the "amount realized" shall be the sum of any money received plus the fair market value of property (other than money) received, § 111 (c). Regulations 74, Art. 352. Defining the other, the "installment method," it provides that, in the case of a casual sale or other casual disposition of personal property for a price exceeding $1000 or in the case of sale or other disposition of real property, if payments received during the taxable year in which the sale was made do not exceed 40 per cent. of the selling price, the income may, under regulations prescribed, be returned on the installment method (§ 44 (b)); i. e., the taxpayer may return

in any taxable year that proportion of the installment payments actually received in that year which the gross profit realized or to be realized when payment is completed bears to total contract price. See § 44 (a).

Regulations 74 permit the vendor to return income from installment sales on the straight accrual or cash receipts basis; when so reported the sales are treated as deferred payment sales not on the installment plan. Art. 353. In ascertaining the amount of profit or loss from that class of sales, the obligations of the purchaser to the vendor are taken at their fair market value; if they have none, the payments in cash or other property having a fair market value shall be applied against and reduce the basis of the property sold, and if in excess of such basis, shall be taxable to the extent of the excess. Gain or loss is realized when the obligations are disposed of or satisfied, the amount being the difference between the reduced basis and the amount realized therefor. Art. 354.

The question is whether, having filed a return according to the deferred payment method, the taxpayer by filing claim for refund is entitled to have the profit from the sales computed on the installment method.

Petitioner contends that the installment method alone discloses its income from the sales of lots and that the deferred payment method failed clearly to reflect income.

Conceding that its return might have been made in accordance with either method, petitioner says that, being ignorant of both, it treated the sales as if made for cash at figures mentioned in the contracts. Its argument, therefore, rests upon the assertion, which we assume to be true, that the promises of purchasers to pay installments were worth less than face value. But that fact has no bearing upon the question whether proper appli-

cation of the deferred payment method would clearly reflect income, for that method permits installments to be taken at market value and, if they have no market value, allows postponement of ascertainment of gain or loss until realized. While petitioner's return may have been an inept application of the deferred payment method, there is nothing in it or the statement of claim for refund that gives any support to the idea that, if rightly applied, that method would not clearly reflect income.

The parties agree that, if allowed to change to the installment method, petitioner would be entitled to a refund in some amount. But that fact has no tendency to discredit the deferred payment method as inapplicable. The amount of the tax for the year in question is only one of many considerations that may be taken into account by the taxpayer when deciding which method to employ. The one that will produce a higher tax may be preferable because of probable effect on amount of taxes in later years. In case of overstatement and overpayment, the taxpayer may obtain refund calculated according to the method on which the return was made. Change from one method to the other, as petitioner seeks, would require recomputation and readjustment of tax liability for subsequent years and impose burdensome uncertainties upon the administration of the revenue laws. It would operate to enlarge the statutory period for filing returns (§ 53 (a)) to include the period allowed for recovering overpayments (§ 322 (b)). There is nothing to suggest that Congress intended to permit a taxpayer, after expiration of the time within which return is to be made, to have his tax liability computed and settled according to the other method. By reporting income from the sales in question according to the deferred payment method, petitioner

made an election that is binding upon it and the commissioner.*

*Affirmed.*

MR. JUSTICE CARDOZO and MR. JUSTICE REED took no part in the consideration or decision of this case.

---

* *Commissioner* v. *Moore,* 48 F. (2d) 526, 528, certiorari denied 284 U. S. 620. *Marks* v. *United States,* 18 F. Supp. 911, 913. Sylvia. S. Strauss, 33 B. T. A. 855, affirmed 87 F. (2d) 1018. Max Viault, 36 B. T. A. 430, 431. Sarah Briarly, 29 B. T. A. 256, 258. Louis Werner Saw Mill Co., 26 B. T. A. 141, 144–145. Liberty Realty Corp., 26 B. T. A. 1119. Morgan Rundel, 21 B. T. A. 1019. Johnson Realty Trust, 21 B. T. A. 1333. Cf. *United States* v. *Pettigrew,* 81 F. (2d) 666; *Rose* v. *Grant,* 39 F. (2d) 340; *Alameda Inv. Co.* v. *McLaughlin,* 33 F. (2d) 120; *Buttolph* v. *Commissioner,* 29 F. (2d)

695; *Safety Electric Products Co. v. Helvering,* 70 F. (2d) 439; *Dr. Pepper Bottling Co. v. Commissioner,* 69 F. (2d) 768; *Radiant Glass Co. v. Burnet,* 60 App. D. C. 351; 54 F. (2d) 718.