ZAIDA CLAY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 93356.   Promulgated September 15, 1939.

*M. E. Kilpatrick, Esq.,* for the petitioner.
*L. W. Creason, Esq.,* for the respondent.

OPINION.

MURDOCK: The Commissioner determined a deficiency of $87.78 in the petitioner's income tax for 1934. The issue for decision is whether the Commissioner has the right to include in the income of the petitioner undistributed income of a personal holding company in excess of the amount reported by the petitioner on her return where she elected to be taxed under section 351 (d) of the Revenue Act of 1934. The facts have been stipulated and are found in accordance with the stipulation.

The petitioner owned all of the stock of the C. E. J. Holding Co., a personal holding company within the meaning of section 351 of the Revenue Act of 1934. Three shares of the 100 were in the name of directors. The holding company reported on a personal holding company income tax return for 1934 that its adjusted net income was $7,440.79 and that the pro rata shares of the stockholders in that amount were as follows:

| | |
|---|---:|
| Zaida Clay | $7,217.57 |
| R. G. Clay | 74.41 |
| Mrs. R. G. Clay | 74.41 |
| A. S. Clay | 74.40 |

The petitioner reported upon her return for 1934 that she had received dividends of $7,307.54 consisting of "C. E. J. Holding Company, Atlanta, $3,000, distributed. C. E. J. Holding Company, At-

lanta, $4,307.54, undistributed. Reported under Section 351 (d), Revenue Act 1934."

The Commissioner in determining the deficiency increased the adjusted net income of C. E. J. Holding Co. and added $1,680.44 thereof to the income of the petitioner. The correct adjusted net income of C. E. J. Holding Co. for 1934 was $7,582.84, or $142.05 more than was shown upon its return and $275.30 more than was reported by the petitioner.

Section 351 of the Revenue Act of 1934 imposes a heavy tax upon personal holding companies. Subsection (d) thereof provides:

(d) PAYMENT OF SURTAX ON PRO RATA SHARES.—The tax imposed by this section shall not apply if all the shareholders of the corporation include (at the time of filing their returns) in their gross income their entire pro rata shares, whether distributed or not, of the "adjusted net income" of the corporation for such year. Any amount so included in the gross income of a shareholder shall be treated as a dividend received. Any subsequent distribution made by the corporation out of earnings or profits for such taxable year shall, if distributed to any shareholder who has so included in his gross income his pro rata share, be exempt from tax in the amount of the share so included.

The petitioner obviously intended and tried to comply with subsection (d) so that her corporation might escape tax. The slight discrepancy between the income reported by her and that shown on the return is not explained in the record. But that discrepancy can not be used to the advantage of the taxpayer. She reported on her return as dividends more than the actual distributions to her and must have intended to report her entire pro rata share of the adjusted net income of the corporation for 1934. It was determined thereafter that her entire pro rata share of the adjusted net income of the corporation was slightly more than the amount she reported. May the Commissioner include the excess in her income over her objection? The petitioner argues that this may not be done because the amount was not income to her under the Sixteenth Amendment and may not be taxed to her without her consent.

Although the same question could have arisen under section 102 (d) and similar provisions of earlier acts, no case in point has come to our attention. It was raised but not decided in *Jennie King Mellon et al., Executors*, 38 B. T. A. 1259. The Board held in *Automobile Loans, Inc.*, 36 B. T. A. 809, that the provisions of section 351 (d) are not met by the filing of amended returns in which for the first time the stockholders indicate their election to report their shares of the adjusted net income of the corporation. See also Regulations 86, article 351–7, issued under the Revenue Act of 1936. The willingness of a sole stockholder to have the adjusted net income of the corporation included in his income is not sufficient to relieve the corporation from tax where his return and that of the corporation indicate no intention to have the tax assessed under section

351 (d). *Collateral Mortgage & Investment Co.*, 37 B. T. A. 630. But both those cases differ from this one, in that there the original returns gave no indication of an election to be taxed under section 351 (d), while here that intent is clearly shown by the original returns of the sole stockholder and of the corporation.

The statute permitted the sole stockholder to elect whether she would be taxed under section 351 (d) or whether the corporation would be taxed under section 351 (a). She chose the latter, and from her choice must be implied her consent to have all necessary and proper adjustments made in the income of the corporation and in her own income. Any other interpretation would work unreasonable hardships upon the Commissioner and the taxpayers and would not carry out the intent of Congress. Cf. *Estate of Cyrus H. K. Curtis*, 36 B. T. A. 899; *Pacific National Co.* v. *Welch*, 304 U. S. 191. Congress did not intend that a taxpayer, desiring to invoke section 351 (d), is to lose the benefit of the section if, through reasonable error, he incorrectly computes the adjusted net income of the corporation and reports on his return an amount slightly different from the amount finally determined to be his entire share of the adjusted net income of the corporation. Neither did it intend that the taxpayer, having made the election, should not be bound to accept all proper adjustments. See section 57. Even though the income is not the income of the stockholder, it may be taxed to him where he has chosen that method. He may not change his election or have a part only taxed to himself. Cf. *Commissioner* v. *Moore*, 48 Fed. (2d) 526; *C. C. Ratliff*, 13 B. T. A. 644; *Pacific National Co.* v. *Welch, supra; Chicago Telephone Supply Co.* v. *United States*, 23 Fed. Supp. 471; certiorari denied, 305 U. S. 628. Installment payments are sometimes taxed to the recipient before title to the goods has passed and the Commissioner may make proper adjustments in the amounts reported where the recipient has chosen to report on the installment method. *Pacific National Co.* v. *Welch, supra.* The same general rule applies here and requires the Commissioner to accept the method chosen by the taxpayer and permits him to make necessary and proper adjustments in the amount reported. Otherwise he could not allow the statute of limitations to run against the corporation until he had closed forever the case of the stockholder. Furthermore, if such were not the proper interpretation, he could reject the election and tax under section 351 (a) whenever he found the slightest increase in adjusted net income. The reasonable and natural interpretation of section 351 (d) is that once the taxpayer makes an election he is bound to accept proper adjustments under that method of taxation and the Commissioner is also bound by the election.

*Decision will be entered under Rule 50.*