## HOFFMAN v. UNITED STATES.

District Court, S. D. New York.
March 14, 1940.

Charles Seligson, of New York City (Sidney J. Loeb, of New York City, of counsel), for plaintiff.

John T. Cahill, U. S. Atty., of New York City (Clarence W. Roberts, Asst. U. S.

Atty., of New York City, of counsel), for defendant.

PATTERSON, Circuit Judge.

The action is brought to recover overpayment of income tax in the amount of $8,262.80, made by the bankrupt, Charles E. Ruckstuhl, for the year 1929. The action is under the Tucker Act, 28 U.S.C. § 41 (20), 28 U.S.C.A. § 41(20). After a number of preliminary motions, it has been tried on the merits.

Ruckstuhl, the bankrupt, was in the typesetting business. Desiring' to engage in speculations in real estate without incurring personal liability for losses, he formed a corporation, C. E. Ruckstuhl, Inc., in 1924, to engage in real estate operations. The company was a one-man affair. Ruckstuhl owned practically the entire capital stock, was president, and ran the business as he saw fit. In 1928 the company became owner of an undivided 35 percent interest in real estate on East 45th Street, New York City; the remaining interests were owned by four others. The property was managed by Friedenberg, one of the co-owners. In 1929 it was sold by the owners at a profit. As reported by Friedenberg on a partnership or information return for 1929, the sale price was $1,400,000, made up of cash of $275,000, existing mortgages of $785,000, and a purchase money mortgage of $340,000. The cost was $1,066,958.33. The sale was treated as one on an installment basis, and of the total profit of $333,041.67, profit of $148,912.50 was reported as profit in 1929; and 35 percent of the profit for 1929, $52,736.58, was reported as the share of Ruckstuhl. Other income from the property was reported, and Ruckstuhl's share was put at $13,184.15. Ruckstuhl in his 1929 tax return included $52,119.37 as his own profit from sale of the real estate; he also included as his income the further sum of $13,801.36 representing income from the real estate. There are minor discrepancies between the figures in the Friedenberg return and the figures in the Ruckstuhl return, but they are of no importance. Ruckstuhl paid tax of $9,392.48 for that year, and of this amount $8,262.80 was due to the inclusion of the two items of income from the East 45th Street property. The present action is to recover the $8,262.80 as an overpayment.

The plaintiff insists that the two items were mistakenly reported by Ruckstuhl as personal income, that in reality they were income of the company. The testimony of the accountant for Friedenberg as "managing partner" and also of Ruckstuhl's accountant tended to show that the crediting of the income to Ruckstuhl instead of to his company was an error or oversight on their part. On the other hand, the information return made out by Friedenberg originally showed the income as going to "C. E. Ruckstuhl, Inc."; the "Inc." was erased prior to filing the return. The company's books in 1929 showed that an item of $13,174.80 was credited to Ruckstuhl in 1929, to record "transfer of interest" in the 45th Street property to him; a later correcting entry, apparently made in 1933, cancelled the entry, with notation that a contemplated transfer of the company's interest in the real estate to Ruckstuhl had not been carried out. The Commissioner in 1931 proposed an additional assessment against Ruckstuhl. The latter made protest in November 1931, and in the protest he requested refund of $8,262.89 because of the alleged error in including the income from the 45th Street property as his own income. On March 12, 1932, he filed formal claim for refund. The claim was denied on April 6, 1934.

Meanwhile Ruckstuhl had filed voluntary petition in bankruptcy in July 1932. He was duly adjudicated bankrupt and Irving Trust Company was appointed trustee in bankruptcy. He did not list his claim of overpayment of income tax as an asset in his schedules and did not inform the trustee of the existence of any such claim. The trustee was discharged and the estate closed in June 1936.

Certain further facts concerning the company, C. E. Ruckstuhl, Inc., will be stated. In its 1929 tax return it reported a loss of some $800 and no tax. The items of income from the 45th Street realty were not in the return. No tax for 1929 was ever paid. While the company held an interest in the purchase money mortgage taken on the sale of the real estate and later acquired the entire ownership of the mortgage, it did not include the mortgage among the assets listed in its tax return for 1929. The company was indebted to Ruckstuhl for loans, and between February 1932 and July 1932 it made payments to the extent of $50,000 in reduction of the debt. The company filed petition in bankruptcy in July 1932, at the same time that Ruckstuhl filed, listing assets at nothing and liabilities at more than $100,000. The records

both of Ruckstuhl and of the company were taken by the trustee in bankruptcy and were later destroyed.

The present action was brought by Ruckstuhl on April 2, 1936. The time within which the action might be brought expired on April 6, 1936. The United States in 1937 moved to dismiss the petition of Ruckstuhl. The bankruptcy proceeding involving him having been reopened and Hoffman appointed new trustee, Hoffman made a cross-motion to be substituted as party plaintiff in place of Ruckstuhl. The motion of the United States was denied and that of Hoffman was granted by Judge Mandelbaum. Hoffman was accordingly substituted as plaintiff by order of December 23, 1937, and on January 3, 1938, he served and filed a supplemental petition.

■ 1. The defendant insists that the action was commenced too late. The action by Ruckstuhl himself was timely, it is conceded; but the argument runs that Ruckstuhl then had no title to the claim, the right to any refund having been divested by his bankruptcy and the appointment of the trustee, and that Hoffman, the new trustee in bankruptcy, did not take over the cause of action until after the time to commence an action to recover overpayment of tax had expired. Judge Mandelbaum rejected the argument when he permitted the new trustee in bankruptcy to substitute himself as party plaintiff. Whether his decision is "the law of the case" and binding on another judge sitting in the district court in the same case need not be decided, because I am in accord with him that the defendant's argument is unsound. The point was decided recently by the New York Court of Appeals in Van Der Stegen v. Neuss, Hesslein & Co., 270 N.Y. 55, 200 N.E. 577. It was there held that the statute of limitations was not a defense where one already adjudicated bankrupt commenced action on a claim prior to expiration of the statute and the trustee in bankruptcy was substituted as plaintiff in the action after the statute had run. The view was taken that the trustee was seeking to enforce the same claim on which suit had been seasonably brought by the bankrupt, that in legal effect the bankrupt had brought suit in behalf of his creditors, see Johnson & Chandler v. Collier, 222 U.S. 538, 540, 32 S.Ct. 104, 56 L.Ed. 306, and that the reasons for the statute of limitations did not exist. The result is in line with the rule generally recognized that where one who has already assigned a claim brings suit on it within the time specified by statute, the assignee may take over the suit after the time for commencing suit has expired. The authorities are collected in Note, 105 A.L.R. 610. The case is not like one where an effort is made to plead a different cause of action or to add a new party defendant after the time to commence an action has run. The point that the action was not brought within the time limitation must be rejected.

■ 2. On the merits, I am of opinion that the plaintiff has not made out a case for recovery of Ruckstuhl's tax. The rights of the plaintiff as trustee in bankruptcy are of course no stronger than the rights of Ruckstuhl prior to bankruptcy. While C. E. Ruckstuhl, Inc., undoubtedly held legal title to the undivided interest in the real estate and to some extent at least held title to the proceeds after the real estate was sold, the company was merely what its name said it was, Ruckstuhl incorporated,—a corporation owned and operated by him to suit his own purposes. If Ruckstuhl had scrupulously kept his corporate affairs separate from his personal affairs and if it were proved plainly that he had mistakenly included corporate income in his personal income, perhaps he would have been entitled to a refund. Even in such a case the result would be doubtful, in view of Higgins v. Smith, 308 U.S. 473, 60 S.Ct. 355, 84 L.Ed. ——, decided by the Supreme Court on January 8, 1940. But he did not maintain a clear segregation between what was corporate business and what was personal business. His affidavit of January 9, 1933, shows how the two were mingled. And I am by no means convinced that his inclusion of the income from the real estate in his personal return was by oversight or mistake. There are several factors that point the other way. The change in the Friedenberg return from C. E. Ruckstuhl, Inc., to C. E. Ruckstuhl was by erasure of the "Inc." and was hardly accidental. Again, the books of C. E. Ruckstuhl, Inc., as made in 1929, recorded that the interest in the 45th Street property had been transferred to Ruckstuhl personally; and the company's tax return for 1929, while it listed the assets of the company, did not show the purchase money mortgage or any interest therein as among the assets. The most significant matter, however, is the size of the items in contru-

versy. The two items together made nearly $66,000, by far the greater part of the total income in Ruckstuhl's personal tax return. With them in the return the tax was $9,392; without them the tax was only $1,129. I cannot believe that the payment of income tax on such large items was by oversight or inadvertence. It is more likely that for reasons that were deemed good and sufficient at the time, Ruckstuhl had determined to shift the interest in the 45th Street property from the company to himself. In any event, where the man in a one-man company sees fit to mix money from his personal pocket and money from the corporate pocket to the extent that was done in this case, he is not in a position to insist later that income which he returned as personal income be switched to corporate income for his benefit.

I am also of opinion that Ruckstuhl was estopped to recover any overpayment of tax for 1929, whether or not the inclusion of the income in his personal tax return was by mistake. It cannot be gainsaid that income of $66,000 was realized in 1929, and that either Ruckstuhl or the company was subject to tax for it. This is obvious as to the ordinary income from the real estate, $13,801.36, and it is tolerably clear as to the profit of $52,119.37 also. The plaintiff's argument that no profit was realized is untenable. The sale of the real estate in 1929 was reported on an installment basis. It was properly so reported, and the basis may not be changed later because of losses in later years. Pacific National Co. v. Welch, 304 U.S. 191, 58 S.Ct. 857, 82 L.Ed. 1282. Ruckstuhl represented that the income was his and not the company's. The company, under his control, did not report it and did not pay tax. If the tax paid by him were now to be recovered, the defendant would be prejudiced by the change of position. The plaintiff urges that Ruckstuhl changed position in November 1931, in time for the Commissioner to have made an assessment against the company. But neither in the protest made in November 1931 nor later did Ruckstuhl give full information to the Commissioner, and he did not pay or tender the tax which would have been due from his company on the assumption that the income belonged to it rather than to him personally. Moreover, it is not shown that a tax deficiency could have been collected from the company at that time. The estoppel is as effective against the trustee in bankruptcy as it was against the bankrupt.

There will be judgment for the defendant on the merits. Detailed findings of fact and conclusions of law may be submitted.