Joseph S. **KUHL** and Jewel F. Kuhl, Plaintiffs,

v.

**UNITED STATES of America and Frank G. Clark, District Director of Internal Revenue, Cheyenne, Wyoming, Defendants.**

**Civ. No. 3952.**

United States District Court
D. Wyoming.

July 2, 1956.

Kenneth Chetwood, Sheridan, Wyo., for plaintiffs.

John F. Raper, Jr., U. S. Atty., Cheyenne, Wyo., and Thomas H. Foye, Atty., Tax Division, Dept. of Justice, Washington, D. C., for defendants.

KERR, District Judge.

In this action taxpayers seek to recover taxes alleged to have been illegally assessed and collected from said taxpayers for the years 1950, 1951, 1952 and 1953.

There is no dispute as to the facts. For the year 1950 plaintiffs filed a joint tax return on a cash basis. The tax return filed made no mention of any cattle operations. For the years 1951, 1952 and 1953 plaintiffs filed tax returns on the inventory basis. On March 6, 1954, plaintiffs filed amended income tax returns for the years 1950, 1951, 1952 and 1953. Each amended return was filed on a cash basis. The amended return for the year 1953 was treated as a claim for refund and allowed only to the extent of amounts withheld in excess of the tax liability disclosed in the original return.

The question for determination is whether taxpayers may change their method of reporting income and retroac-

tively and ex parte rescind their previous election when it appears to their advantage to do so.

■ Under applicable statutes and regulations taxpayers could have chosen either of the two methods, cash or inventory, but they cannot shift, one to the other, without first obtaining authorization from the Commissioner:

"Treasury Regulations 118, promulgated under the Internal Revenue Code of 1939:

"Sec. 39.22(c)–6 *Inventories of livestock raisers and other farmers.* (a) A farmer may make his return upon an inventory basis instead of the cash receipts and disbursements basis. It is optional with the taxpayer which of these methods of accounting is used, but, having elected one method, the option so exercised will be binding upon the taxpayer for the year for which the option is exercised and for subsequent years unless another method is authorized by the Commissioner as provided in section 39.41–2."

"Sec. 39.41–2 *Bases of computation and changes in accounting methods.* * * *

\* \* \* \* \* \*

"(c) A taxpayer who changes the method of accounting employed in keeping his books shall, before computing his income upon such new method for purposes of taxation, secure the consent of the Commissioner. * * * Application for permission to change the method of accounting employed and the basis upon which the return is made shall be filed within 90 days after the beginning of the taxable year to be covered by the return. The application shall be accompanied by a statement specifying the classes of items differently treated under the two methods and specifying all amounts which would be duplicated or entirely omitted as a result of the proposed change. * * *"

Congress has been liberal in allowing taxpayers to elect a method which would inure the greatest benefit to the taxpayer and the plaintiffs having voluntarily chosen the method, this Court knows of no reason why they should be permitted to rescind their action without the approval of the Commissioner.

The matter of when an election such as this becomes binding and the procedure necessary for taxpayers to escape the consequences of such an election has been considered more than once by the Supreme Court. In Pacific National Co. v. Welch, 304 U.S. 191, at page 194, 58 S.Ct. 857, at page 858, 82 L.Ed. 1282, the Court says:

"\* \* \* Change from one method to the other, as petitioner seeks, would require recomputation and readjustment of tax liability for subsequent years and impose burdensome uncertainties upon the administration of the revenue laws. \* \* \* By reporting income from the sales in question according to the deferred payment method, petitioner made an election that is binding upon it and the commissioner."

In Champlin v. Commissioner of Internal Revenue, 10 Cir., 78 F.2d 905, 911, Judge McDermott laid down the following rule:

"\* \* \* To permit taxpayers to change their minds ad libitum for fifteen years would throw the department into inextricable confusion. The general rule is that where a taxpayer has exercised an option afforded by statute he cannot retroactively and ex parte rescind his action. \* \* \*"

In another recent case, Keeler v. Commissioner of Internal Revenue, 10 Cir., 180 F.2d 707, at page 710, Judge Pickett said:

"\* \* \* We are not dealing with a situation where the taxpayer desires to correct errors or miscalculations in his original return. Here it is sought to change the basis upon which taxes for different years will

be computed. It is a case where the election made by a taxpayer later resulted in a disadvantage to him. He cannot at this late date disavow that election."

From the foregoing I hold that when the taxpayers first reported income from their cattle operations in 1951 and chose to do so on the inventory basis this act constituted an election by them to continue to report on the same basis unless and until permission is obtained from the Commissioner to report on another basis.

I hold the decision of the Internal Revenue Service is correct in disallowing the claim for refund.

Counsel will collaborate and prepare findings of fact and conclusions of law in conformity with this memorandum and submit judgment therewith within twenty (20) days from and after the date of filing hereof and the clerk will enter an order accordingly.