**MISSOURI PUBLIC SERVICE COM-PANY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 18232.**

United States Court of Appeals Eighth Circuit.

Jan. 12, 1967.

Albert F. Hillix, of Hillix, Hall, Childers, Brown & Hoffhaus, Kansas City, Mo., for appellant; William K. Waugh, Jr., Kansas City, Mo., on the brief.

Fred E. Youngman, Attorney, Tax Division, Dept. of Justice, Washington, D. C., for appellee; Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson and David O. Walter, Attorneys, Tax Div., Washington, D. C., F. Russell Millin, U. S. Atty., and Calvin K. Hamilton, Asst. U. S. Atty., Kansas City, Mo., on the brief.

Before VOGEL, Chief Judge, MEHAFFY, Circuit Judge, and McMANUS, District Judge.

MEHAFFY, Circuit Judge.

Appellant taxpayer, a public utility corporation, appeals from a judgment of the District Court stemming from taxpayer's suit claiming refunds for alleged overpayment of federal corporate income taxes for the calendar years 1955, 1956 and 1957.

The case was tried to the District Court upon a stipulation of facts. The court found adversely to the taxpayer for the years 1955 and 1956 but allowed a recovery for the year 1957. The District Court's opinion, reported at 245 F.Supp. 954, adequately summarizes the facts, so we need not unduly elaborate on them. Jurisdiction of this court is conferred by 28 U.S.C.A. § 1291, 28 F.C.A. § 1291. We affirm.

The central issue is whether the taxpayer is bound by its election of method of depreciation chosen under § 167 of the Internal Revenue Code of 1954 on certain identifiable property which was later determined not properly depreciable until the following year because the property was not put into use until the following year.

In order to stimulate investment in depreciable property, § 167 of the Internal Revenue Code of 1954 (which is applicable to the years here involved) authorized a choice of several methods and rates for depreciation for taxable years after December 31, 1953.[1] Vital also to a de-

---

1. The pertinent part of § 167 I.R.C.1954 reads:

"§ 167. *Depreciation*

"(a) *General rule.*—There shall be allowed as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence)—

(1) of property used in the trade or business, or

cision in this case are certain Treasury Regulations issued under § 167 of the Code.

T.R. § 1.167(c)–1(c) provides:

"(c) *Election to use methods.* Subject to the limitations set forth in paragraph (a) above, the methods of computing the allowance for depreciation specified in section 167(b) (2), (3), and (4) may be adopted without permission and no formal election is required. In order for a taxpayer to elect to use these methods for any property described in paragraph (a) [of this section], he need only compute depreciation thereon under any of these methods for any taxable year ending after December 31, 1953, in which the property may first be depreciated by him. The election with respect to any property shall not be binding with respect to acquisitions of similar property in the same year or subsequent year which are set up in separate accounts. If a taxpayer has filed his return for a taxable year ending after December 31, 1953, for which the return is required to be filed on or before September 15, 1956, an election to compute the depreciation allowance under any of the methods specified in section 167(b) or a change in such an election may be made in an amended return or claim for refund filed on or before September 15, 1956."

T.R. § 1.167(e)–1(a) provides:

"(a) *In general.* Any change in the method of computing the depreciation allowances with respect to a particular account is a change in method of accounting, and such a change will be permitted only with the consent of the Commissioner, except that the change from the declining balance method to the straight line method as provided in section 167(e) shall be permitted without consent \* \* \*."

Taxpayer in its original and timely income tax returns computed depreciation deductions on the subject property on the straight line method for the years 1954, 1955 and 1957 and on the declining balance method for 1956. Upon audit by an Internal Revenue Agent in 1958 it was determined that taxpayer had erroneously taken depreciation deductions on the subject property in the year in which it was acquired but not put into use until the following year. At first, taxpayer questioned the agent's determination, as to the first year of allowable deductibility, but now concedes its correctness. Upon receipt of the agent's report with its adjustments, which included the one here involved and others, taxpayer made payment of deficiencies. On October 13, 1960, taxpayer filed claims for refund and amended tax returns for 1955, 1956 and 1957, claiming depreciation deductions computed on the subject property by the declining balance method. Taxpayer contends that as its original election of method of depreciation was prematurely taken, the election was a nullity, thereby giving it the right to make another election in 1960. As stated by taxpayer in its brief, it thereby asserted "its *right to elect* and *electing* that method of computing depreciation on said separate identifiable property, and in accordance with such original election continued to compute depreciation on said property by said method during each subsequent year under review."

---

(2) of property held for the production of income.

"(b) *Use of certain methods and rates.* —For taxable years ending after December 31, 1953, the term 'reasonable allowance' as used in subsection (a) shall include (but shall not be limited to) an allowance computed in accordance with regulations prescribed by the Secretary or his delegate, under any of the following methods:

(1) the straight line method,

(2) the declining balance method, using a rate not exceeding twice the rate which would have been used had the annual allowance been computed under the method described in paragraph (1),

\* \* \* \* \*

Nothing in this subsection shall be construed to limit or reduce an allowance otherwise allowable under subsection (a)."

The District Court held that taxpayer's elections on its original returns rather than the belated 1960 amended returns were binding and effective for each year in which they lawfully could be made. Thus, the court rejected the theory of taxpayer that it could effectively make a different election in 1960 than the method chosen in the original returns.

The District Court also rejected the Government's theory of applying the method of depreciation elected by taxpayer for similar property depreciated in the years in question. Now in brief, however, the Government asserts that the District Court's opinion should be affirmed.

The burden of taxpayer's argument is that the statute afforded it an election and that the so-called premature election made in its original return is a nullity because (1) the original election was not made for a taxable year in which the property could first be depreciated; (2) an election can only be made where the taxpayer has a choice of one or two legal alternative rights; (3) Treasury Regulation 1.167(c)–1(c) provides that the election of method is made by computing depreciation by such method in the first year the property could properly be depreciated; (4) an election to compute by a certain method is not an election to compute by the same method other property later determined to be first depreciable in said year; (5) continuing to compute depreciation on property by the same method in succeeding years as that mistakenly depreciated does not constitute an election; (6) taxpayer has never been allowed its statutory right of election; and (7) when the Commissioner institutes action making inoperative a taxpayer's method of computing tax, it is entitled to select another method by the filing of an amended return. Taxpayer

suggests in brief that the District Court's statement that "what appears here are *premature elections* of permissible (valid allowable) methods of depreciation" is an oxymoron, or contradiction in terms, in view of Treasury Regulation 1.167(c)–1(c). A premature election, it is asserted, amounts to no election. This argument, while interesting, is not persuasive as it was not the election that was premature—instead, taxpayer's attempt to depreciate was premature. Taypayer concedes that there are no cases factually identical to the instant case to provide us precedent. We think that sensible construction of the applicable statute and regulations will properly resolve the issues.[2]

The taxpayer was given a choice of depreciation methods to be computed according to applicable regulations. Such regulations granted to taxpayer the right to change previously elected methods of depreciation in an amended return or claim for refund filed on or before September 15, 1956. Thus, taxpayer could adopt any method it preferred without permission or formal election, providing it was done within the prescribed time. R. H. Macy & Co. v. United States, 255 F.2d 884 (2nd Cir. 1958), cert. denied, 358 U.S. 880, 79 S.Ct. 119, 3 L.Ed. 2d 110 (1958). There is no suggestion by counsel that these regulations are invalid. In any event, we are compelled to sustain them "unless unreasonable and plainly inconsistent with the statute." United States v. Ekberg, 291 F.2d 913, 921 (8th Cir. 1961).

Treasury Regulation 1.167(c)–1(c) provides that a return required to be filed on or before September 15, 1956 may be amended and election change made by an amended return or claim for refund filed on or before September 15, 1956.

---

2. "In Hanover Bank v. Commissioner of Internal Revenue, 369 U.S. 672, 687, 82 S.Ct. 1080, 1089, 8 L.Ed.2d 187, the Supreme Court states: 'A firmly established principle of statutory interpretation is that "the words of statutes—including revenue acts—should be interpreted where possible in their ordinary, everyday senses." ' (Citation omitted.) Manifestly, the same rule applies to tax regulations." Bookwalter v. Mayer, 345 F.2d 476, 479 (8th Cir. 1965).

Treasury Regulation 1.167(e)–1(a) provides, except for a change not applicable here, that any change in method of computing depreciation with respect to a particular account is a change in method of accounting and permissible, only with the consent of the Commissioner. As said in *Ekberg,* supra, "[t]he Commissioner has the power to prohibit a taxpayer's change of accounting method without the Commissioner's consent (citing cases)." 291 F.2d at 924.

Here, the taxpayer made its election, not only in its original return, but in its next succeeding returns regarding the questioned property. We are not persuaded that taxpayer in 1960, subsequent to the September 15, 1956 deadline, be allowed to elect anew because taxpayer mistakenly attempted to depreciate in years in which it was not so entitled. Taxpayer should be accorded no better treatment than one who was unaware of an option and failed to take timely advantage of it. Such a case was Pacific Natl. Co. v. Welch, 304 U.S. 191, 58 S.Ct. 857, 82 L.Ed. 524 (1938), wherein the Supreme Court said:

> "There is nothing to suggest that Congress intended to permit a taxpayer, after expiration of the time within which return is to be made, to have his tax liability computed and settled according to the other method. By reporting income from the sales in question according to the deferred payment method, petitioner made an election that is binding upon it and the commissioner." 304 U.S. at 194–195, 58 S.Ct. at 858–859.

See also and compare J. E. Riley Investment Co. v. Commissioner, 311 U.S. 55, 61 S.Ct. 95, 85 L.Ed. 36 (1940).

We have reviewed the many cases cited by taxpayer and find them distinguishable. In the main, such cases hold that a taxpayer must have two legal and allowable alternatives from which to choose before an election will be valid and binding upon him.[3] The distinction is that in the cases cited the taxpayer had no choice between two allowable alternatives, whereas here the taxpayer had such a choice. The taxpayer puts great reliance also upon Mamula v. C.I.R., 346 F.2d 1016 (9th Cir. 1965), but *Mamula* is also distinguishable. There, the taxpayer made an erroneous choice—here taxpayer's choice of either the straight line or declining balance method would have been allowable if taxpayer had made it in the proper year. Thus, taxpayer's mistake fashioned its plight and the Government should not be penalized for such a reason.

Our conclusion is reached by application of the admitted facts to the plain language of the statute and regulations. Taxpayer made its choice of election either by first adopting a method of depreciation and abortively applying to a year not allowable or by continuing the use of its selected method on the following years' returns. Taxpayer could have within the time limit set by the regulations made election changes on some returns, but did not do so. Taxpayer's good faith is not the touchstone and should not be used as a springboard for its belated hindsight. It simply did not comply with the valid regulations and is not entitled to profit thereby because of its good faith mistake. This court and others have been as liberal as possible with taxpayers who, through no fault of their own, appear subjected to inordinate tax treatment, but the facts in this case do not lend to such a conclusion. Additionally, we are wary of establishing a precedent so obviously open to abuse to the Government's damage as would give tax relief to a taxpayer who fails, although in good faith, to take advantage of valid Treasury Regulations.

If our approach differs somewhat from that of the District Court, it is

3. Thompson-King-Tate, Inc. v. United States, 296 F.2d 290 (8th Cir. 1961); Goldstein v. United States, 227 F.2d 1 (8th Cir. 1955); C. I. R. v. Mnookin's Estate, 184 F.2d 89 (8th Cir. 1950); Henderson Tire & Rubber Co. v. Gregory, 16 F.2d 589 (8th Cir. 1926); Crosley Corp. v. United States, 229 F.2d 376 (6th Cir. 1956); Ross v. C. I. R., 169 F.2d 483, 7 A.L.R.2d 719 (1st Cir. 1948).

primarily a matter of semantics. As stated above, we think taxpayer's choice of the year was premature and not the choice or election of method of depreciation. In any event, we reach the same result as the District Court, and, for that reason, are obliged to affirm. J. E. Riley Investment Co. v. Commissioner, supra, 311 U.S. at 59, 61 S.Ct. 95, 85 L.Ed. 36.

Taxpayer was dealt with fairly as the Government elected not to further question rejection of its original theory or to appeal on the equitable recoupment issue which resulted in a judgment favorable to taxpayer on that aspect of the case.

The judgment of the District Court is affirmed.