Edward S. **WOODWARD, Sr. and Lillian M. Woodward, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 67-C-16-C.

United States District Court,
W. D. Virginia,
Charlottesville Division.

Feb. 2, 1971.

Robert M. Musselman, Charlottesville, Va., for plaintiffs.

Leigh B. Hanes, Jr., U.S.Atty., Roanoke, Va., Helen E. Marmoll, Tax Division, Dept. of Justice, Washington, D. C. (Johnnie M. Walters, Asst. Atty. Gen.,

and John F. Murray, Dept. of Justice, on brief), for defendant.

WIDENER, District Judge.

Plaintiffs Edward S. Woodward, Sr., and Lillian M. Woodward bring this action under 28 U.S.C. § 1346(a) (1) to recover taxes and assessed interest alleged to have been excessively collected for the calendar year 1960. By agreement of the parties, the case has been submitted for decision on their cross motions for summary judgment and accompanying memoranda of law, the facts having been stipulated as set out below.

On June 13, 1960, plaintiff Edward S. Woodward, Sr., acquired the business known as the Reliable Home Equipment Company through purchase of its assets, including accounts receivable. In 1961, plaintiffs filed a joint federal income tax return for calendar year 1960 in which they reported a taxable income from sales of $20,936.94, as computed under the standard accrual method of accounting. The $20,936.94 sales reported did not include any amounts collected on the accounts receivable purchased with Reliable Home Equipment Company, and the original 1960 return in no way referred to any collection on the purchased accounts. The tax shown due and paid with this return was $6,658.85.

On January 5, 1962, plaintiffs filed an amended return for 1960,[1] this time reporting as gross income proper percentages of calendar 1960 sales as well as calendar 1960 collections on the purchased accounts receivable, under the installment method of accounting as provided in § 453 of the Internal Revenue Code of 1954, 26 U.S.C. § 453. The amended return claimed a refund of $3,684.27, the amount by which the tax shown due and paid on the original return exceeded the tax as shown due on the amended return.

Upon examination of the amended return, the refund claim was informally disallowed on the ground that the election to report income from calendar 1960 sales on the installment method had not been timely made. Plaintiffs were permitted to report on the installment method only income attributable to the purchased accounts receivable, none of which had been reported on the original return. Recomputation of gross income from the business for 1960 resulted in assessment of a deficiency in tax and assessed interest in the amount of $13,-312.82. Plaintiffs paid this assessment on October 14, 1965, and filed a claim for refund on November 5, 1966, claiming that their correct tax liability for 1960 was as reported on their amended return. The claim was formally disallowed on July 26, 1967, the District Director of Internal Revenue advising plaintiffs that they had made a valid election on their original return to report income from 1960 sales on the accrual accounting basis, and that their election by way of amended return to report such income under the installment method was not timely made. This action followed. Counsel for both parties have stipulated that plaintiffs, should they prevail in this action, would be entitled to recover $14,376.12 in taxes and $2,503.61 in interest, or a total of $16,-879.73, plus statutory interest.

The single issue for determination is whether, having reported income from sales under the accrual method on their original return for 1960, plaintiffs thereby made an election as to accounting methods which precluded change to an installment basis of reporting such income in an amended return filed after the statutory deadline for filing returns. Plaintiffs urge that, at the time their amended return was filed, nothing in either § 453 or the applicable regulations precluded such a change. It its motion for summary judgment, the Government relies principally upon § 1.453–8(a) (1) of the Treasury Regulations, 26 C.F.R. 1.453–8(a) (1), and the case of Pacific

---

1. No issue involving any extension of time for filing is present in this case. See 26 U.S.C., § 6081(a).

National Company v. Welch, 304 U.S. 191, 58 S.Ct. 857, 82 L.Ed. 1282 (1938). These authorities will be separately discussed.

Section 453 [2] (a) (1) of the Internal Revenue Code of 1954, 26 U.S.C. § 453(a) (1), permits dealers in personal property reporting installment sales to report for tax purposes as gross profit only that portion attributable to installment payments actually received in a taxable year. It does not, on its face, require that an election to use the installment method be made in a return filed on or before its due date. Among the regulations promulgated under § 453 which were in effect when plaintiffs' original and amended returns were filed was the following:

"§ 1.453–8. Requirements for adoption of or change to installment method. (a) Dealers in personal property. (1) Adoption of installment method. A taxpayer who adopts the installment method of accounting in the first taxable year in which he makes installment sales must indicate in his income tax return for that taxable year that the installment method is being adopted.

(2) Change to installment method.[3] * * *."

T.D. 6314, 1958–2 Cum.Bull. 160, republished as T.D. 6500, approved November 9, 1960.

On October 15, 1963, § 1.453–8(a) (1) was amended to read, in part, as follows:

" * * * Time for election. An election to adopt or change to the installment method for a type or types of sales must be made on an income tax return for the taxable year of the election, filed on or before the time specified (including extensions thereof) for filing such return. * * * " § 1.453–8(a) (1), *as amended* by T.D. 6682, 1963–2 Cum.Bull. 197, (approved October 15, 1963).

Thus, until some 21 months after plaintiffs had filed their amended return, the regulations promulgated under § 453 did not expressly require that an election, in order to be timely, be made on or before the filing deadline for returns. However, the 1963 amendments to the regulations further provided that § 1.453–8(a) (1), *as amended*, " * * * shall apply to taxable years beginning after December 31, 1953, and ending after August 16, 1954." 26 C.F.R., § 1.453–10(a), *as amended* by T.D. 6682, 1963–2 Cum.Bull. ——.

■ True, the Secretary of the Treasury may, in his discretion, apply rulings and regulations with or without retroactive effect.[4] His exercise of that discretion, however, is reviewable for

---

2. When the returns involved in this action were filed, § 453 provided, in part, as follows:

   Sec. 453. Installment method.
   (a) Dealers in personal property— Under regulations prescribed by the Secretary or his delegate, a person who regularly sells or otherwise disposes of personal property on the installment plan may return as income therefrom in any taxable year that proportion of the installment payments actually received in that year which the gross profit, realized or to be realized when payment is completed, bears to the total contract price. [Now § 453(a) (1)].
   *       *       *       *       *
   (b) Sales of realty and casual sales of personalty—
   (1) General rule—Income from—

(A) a sale or other disposition of real property, or
(B) a casual sale or other casual disposition of personal property * * * may * * * be returned on the basis and in the manner prescribed in subsection (a)."

3. § 1.453–8(a) (2) [now (a) (3)], dealing with a *change to* the installment method, contemplates taxpayers who wish to report on the installment method types of sales which they have, in previous taxable years, reported under another method of accounting. It is not here relevant since the return for 1960 was obviously the first return of Woodward trading as Reliable Home Equipment Company.

4. Section 7805 of the Internal Revenue Code of 1954, 26 U.S.C. § 7805, pro-

abuse. See Automobile Club of Michigan v. Commissioner of Internal Revenue, 353 U.S. 180, 77 S.Ct. 707, 1 L.Ed. 2d 746 (1957). "The Internal Revenue Service does not have *carte blanche* [under 26 U.S.C., § 7805(b)]. Its choice must be a rational one, supported by relevant considerations." International Business Machines Corporation v. United States, 343 F.2d 914, 920, 170 Ct.Cl. 357 (1965). Such considerations should include a determination of whether the taxpayer to which a ruling or regulation is sought to be retroactively applied has put substantial reliance upon previous rulings and regulations, and whether the change will produce an inordinate adverse effect. I Mertens, Law of Federal Income Taxation, § 3.25 (1969 Cum. Supp.); See also Rev.Rul. 54–142, 1954–1 Cum.Bull. 394, 401.

In view of the disposition in Part II of this opinion, the question of whether § 1.453–8(a) (1), *as amended,* is retroactively applicable to plaintiffs in the case at bar need not be, and is not, decided. In any event, the record does not disclose the extent to which, if any at all, plaintiffs relied on a previous Treasury position with respect to elections of accounting methods. Neither does it afford a basis for ruling, as a matter of law, that the Government is entitled to prevail on the question of retroactivity.

## II

Present sections 453(a) and (b) of the Internal Revenue Code (see n. 1, supra) are derived materially unchanged from sections 44(a) and (b), respectively, of the Internal Revenue Act of 1928, 45 Stat. 791. In Pacific National Company v. Welch, supra, the Supreme Court considered the question of whether a taxpayer, having filed a return reporting income from installment sales under the deferred payment method,[5] was entitled to have such income recomputed under § 44 (installment method) after the time for filing returns had expired. The claim was there urged that installment sales had been "erroneously" reported as cash sales on the taxpayer's original return. As here, the taxpayer in *Welch* could have reported income on his original return under either of two accounting methods. Having chosen one, the Court ruled, the taxpayer thereby made an election which became binding upon expiration of the time allowed for filing returns.

"* * * Change from one method to the other, as petitioner seeks, would require recomputation and readjustment of tax liability for subsequent years and impose burdensome uncertainties upon the administration of the revenue laws. It would operate to enlarge the statutory period for filing returns * * * to include the period allowed for recovering overpayments * * *. There is nothing to suggest that Congress intended to permit a taxpayer, after expiration of the time within which return is to be made, to have his tax liability computed and settled according to the other method. By reporting income from the sales in question according to the deferred payment method, petitioner made an election that is binding upon it and the commissioner." 304 U.S. 191, 194, 58 S.Ct. 857, 858, 82 L.Ed. 1282.

At the time *Welch* was decided, regulations promulgated under the installment method provision made no mention of elections. See Regulations 74, Arts, 351–354.

Plaintiffs contend that *Welch* is factually distinguishable from their case in that the taxpayer there sought to change an original return which was complete

---

vides, in part: "* * * (b) Retroactivity of regulations or rulings.—The Secretary or his delegate may prescribe the extent, if any, to which any ruling or regulation, relating to the internal revenue laws, shall be applied without retroactive effect."

5. By then existing regulations, income from installment sales reported on the straight accrual or cash receipts basis was computed under the "deferred payment method." See Regulations 74. Art. 352, cited in Pacific National Company v. Welch.

as filed. Here, it is pointed out, plaintiffs' original return was incomplete and had to be amended to reflect income from the purchased accounts receivable. Thus, it is urged, no additional burden was placed on the Internal Revenue Service, since, in any event, plaintiffs' income had to be recomputed. Conceding this distinction, it does not afford a basis for holding *Welch* inapplicable. The administrative burden which the Court there discussed is one that results from requiring the Service to recompute income under an accounting method differing from that used on an original return. That burden would not be mitigated merely because an adjustment to reflect additional income was also required.

Plaintiffs also point out that *Welch* involved subsection (b) of the installment method provision (sales of realty and casual sales of personalty), while their claim is asserted under subsection (a) (dealers in personal property). This distinction also does not avail them. There is no suggestion in § 453 or its predecessor, § 44, that filing requirements differ as between those reporting under (a) and those reporting under (b). Indeed, subsection (b) provides only that income from sales of realty and casual sales of personalty " * * * may be returned on the basis and in the manner prescribed in subsection (a)." 26 U.S.C. § 453(b) (1) (B). The holding in *Welch*, moreover, was not based upon a rationale peculiarly applicable to sellers of real property and those who make casual sales of personalty. Finally, it is inconceivable that Congress intended to allow the statutory period for filing returns to be enlarged for those filing under (a) but not for those filing under (b). A desire for equality among taxpayers is to be attributed to Congress, rather than the reverse. Colgate-Palmolive-Peet Company v. United States, 320 U.S. 422, 425, 64 S.Ct. 227, 88 L.Ed. 143 (1943); United States v. Gilmore, 372 U.S. 39, 48, 83 S.Ct. 623, 9 L.Ed.2d 570 (1963).

Plaintiffs' reliance on decisions which have distinguished *Welch* is misplaced. In Bayley v. C.I.R., 35 T.C. 288 (1960), taxpayers who had reported a gain from the sale of their residence on their original return but who had failed to include it as income thereon were allowed to compute such income on the installment basis in an amended return filed after the statutory period for filing had expired. In Hornberger v. C.I.R., 289 F. 2d 602 (5th Cir. 1961), taxpayers were allowed, by way of a late amended return, to report on the installment method income from the sale of their house, where they had failed to report the sale at all on their original return. To the same effect as Hornberger is Bookwalter v. Mayer, 345 F.2d 476 (8th Cir. 1965); and see Rev.Rul. 65–297, 1965–2 Cum.Bull. 152. The foregoing cases stand only for the proposition that, in appropriate circumstances, an election to report income under the installment method of accounting may be made after expiration of the time allowed for filing where *that income* has not been previously reported under an inconsistent method. Plaintiffs, in the instant case, were afforded the benefit of this rule in regard to income from their purchased accounts, since no election as to such income had been made on their original return. Under *Welch*, they are entitled to no more than this.

Finally, the decision in C. H. Mead Coal Company v. C.I.R., 106 F.2d 388 (4th Cir. 1939), cited by plaintiffs, is no longer controlling. There, the question was whether a depletion allowance statute, which required a taxpayer making his "first return" to state whether he elected to have the allowance computed with regard to percentage depletion, was intended to limit a taxpayer's right of election to the first form filed. Distinguishing *Welch* as involving a different statute, the court ruled that "first return" included a properly amended return filed after the filing deadline, if made to correct an honest mistake. The position taken by the Fourth Circuit in

*Mead,* however, was specifically rejected by the Supreme Court in J. E. Riley Investment Company v. C.I.R., 311 U.S. 55, 61 S.Ct. 95, 85 L.Ed. 36 (1940). See also Scaife Company v. C.I.R., 314 U.S. 459, 62 S.Ct. 338, 86 L.Ed. 339 (1941).

In summary, there is neither factual nor statutory basis for excepting plaintiffs from the rule announced in *Welch.* By reporting their income from calendar 1960 sales on an accrual basis in their original return, plaintiffs elected an accounting method as to the income from those sales, which election became binding upon expiration of the statutory period for filing returns.

An order is this day entered granting defendant's motion for summary judgment, denying plaintiffs' motion, and dismissing the complaint.