T.C. Memo. 2005-167


UNITED STATES TAX COURT


RONALD A. AND CAROL J. LEHRER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2381-04.                 Filed July 11, 2005.


<u>John Gigounas</u>, for petitioners.

<u>Margaret A. Martin</u>, for respondent.


MEMORANDUM OPINION


HAINES, <u>Judge</u>:  This case is before the Court on

respondent's motion for partial summary judgment pursuant to Rule

121.[1]  The issue for our consideration is whether petitioners

_____

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
are to the Tax Court Rules of Practice and Procedure.  Amounts
are rounded to the nearest dollar.

made an effective election under section 475(f) on the amendment to petition.

## Background

At the time of the filing of the petition, petitioners resided in Byron, California.

Petitioners filed Forms 1040, U.S. Individual Income Tax Return, for 1998, 1999, 2000, and 2001. Before the filing of the amendment to petition, petitioners did not make an election under section 475(f) (mark-to-market election) which would make the election applicable to taxable years 1999, 2000, and 2001 (years in issue). On their 1999 tax return, petitioners reported $44,004 of capital gain income. On their 2000 tax return, petitioners reported on the Schedule D, Capital Gains and Losses, a net short-term capital loss of $313,715 and subtracted from income $3,000 as a capital loss. On their 2001 tax return, petitioners reported a net short-term capital loss of $397,079 on the Schedule D and subtracted from income $3,000 as a capital loss.

On November 26, 2003, respondent issued to petitioners a notice of deficiency which determined that petitioners owed a deficiency of $650,411 and a penalty pursuant to section 6662(a) of $130,082 for 1999. On the same date, respondent also issued to petitioners a notice of deficiency which determined that petitioners owed a deficiency of $1,013,341 and a penalty

pursuant to section 6662(a) of $202,668 for 2000, and a deficiency of $1,240,280 and a penalty pursuant to section 6662(a) of $247,936 for 2001.

On February 10, 2004, petitioners timely filed a petition with the Court disputing the notices of deficiency for the years in issue. On November 10, 2004, petitioners filed a motion for leave to amend petition and proposed amendment pursuant to Rule 41(a). Petitioners requested leave to file an amendment to petition and stated:

> 3. The issue raised by the proposed amendment was recently discovered after numerous conferences with Appeals and review of Petitioners [sic] records for 2000 and 2001. The audit for these years was just completed.
>
> 4. The question raised in the proposed argument [sic] is whether Petitioner, Ron Lehrer, was a trader in securities and, if so, whether the provision of §475(f) apply [sic] so as to allow ordinary losses as well as ordinary gains in the years in question.
>
> 5. The Amendment of this Petition was recently discussed with Respondent's counsel and the Appeals officer.
>
> 6. All documents relating to the issue raised in the proposed amendment have been furnished to Respondent. The applicability of §475(f) is basically a legal issue.
>
> 7. Although it is in the discretion of the Court to permit amendment of the Petition, the Court should permit the Petitioners to amend their Petition to raise the issue because all issues raised in the Notices, except the negligence penalty, have been settled. The new issue was recently discovered and, all documents relating to this issue have been furnished to Respondent.

On November 22, 2004, we granted petitioners' motion for leave to amend petition and filed the amendment to petition which pleaded, in full, the following:

> Petitioners pursuant to leave of this Court, hereby amend their Petition heretofore filed in this action as follows:
>
> 6(a)  Petitioner, Ron Lehrer, was a securities trader and is entitled to elect the provisions of §475(f) in order to claim all his gains and losses as ordinary rather than capital.
>
> 6(b)  The election under §475(f) does not have to be made on a timely filed return.
>
> WHEREFORE, Petitioners pray that the Court hear this case and determine that there are deficiencies due for the years in issue resulting from the agreed adjustments pursuant to a partial settlement agreement to be filed in this action and, that the Court determine that there are no penalties due for the years at issue, and that Petitioner, Ron Lehrer, was a trader in securities and that the provisions of §475(f) apply so that all security gains and losses are treated as ordinary.

On December 2, 2004, the Court granted petitioners leave to file a second amendment to petition regarding the section 6662(a) penalty, an issue not relevant to the instant motion.  On December 10, 2004, respondent filed answers to both amendments to petition, specifically denying the allegations contained in paragraph 6.

On December 20, 2004, the parties filed a stipulation of settled issues.  The parties stipulated that the only remaining

issues are whether petitioners are liable for the section 6662(a) penalties imposed and the applicability of section 475(f).

On January 19, 2005, respondent filed a motion for partial summary judgment.  Respondent moves for partial summary adjudication in respondent's favor upon the issue of whether petitioner Ronald A. Lehrer's (Mr. Lehrer's) gains or losses with respect to securities should be treated as ordinary gains or losses pursuant to section 475(f).  Respondent attached to the motion petitioners' tax returns for 1998, 1999, 2000, and 2001.

On January 21, 2005, the Court ordered petitioners to file a written response to respondent's motion on or before February 18, 2005.  On February 15, 2005, the Court filed petitioners' response objecting to respondent's motion for partial summary judgment.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Rule 121(a) provides that either party may move for summary judgment upon all or any part of the legal issues in controversy.  The Court may grant full or partial summary judgment when there is no genuine issue of material fact and a decision may be rendered as a matter of law.  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v.

<u>Commissioner</u>, 90 T.C. 753, 754 (1988).  We conclude that there is no genuine issue of material fact regarding the question raised in respondent's motion for partial summary judgment, and a decision of that question may be rendered as a matter of law.

Respondent argues that even if Mr. Lehrer was a "trader in securities" during the years in issue, he failed to make an effective mark-to-market election pursuant to Rev. Proc. 99-17, 1999-1 C.B. 503.  Petitioners concede that they did not make a mark-to-market election on their tax returns but argue that an effective mark-to-market election was made on their first amendment to petition to this Court.  Further, petitioners argue that Rev. Proc. 99-17, <u>supra</u>, lacks "precedential value as it simply announces the Service's position."

A taxpayer engaged in a trade or business as a trader in securities is eligible to elect to recognize gain or loss on any security held in connection with his trade or business at the close of the taxable year as if the security were sold for its fair market value at yearend.  Sec. 475(f)(1)(A)(i);[2] see <u>Chen v.</u>

---

[2]     SEC. 475(f).  Election of Mark to Market for Traders in Securities or Commodities.--

(1) Traders in securities.--

(A) In general.--In the case of a person who is engaged in a trade or business as a trader in securities and who elects to have this paragraph apply to such trade or business--

(continued...)

Commissioner, T.C. Memo. 2004-132.  In general, any gains or losses resulting from the mark-to-market election shall be treated as ordinary income or loss.  Sec. 475(d)(3)(A), (f)(1)(D).  If a taxpayer is in the business as a trader in securities and made a mark-to-market election with respect to sales of securities held in connection with his business, his net loss from that business would be an ordinary loss, deductible in full under section 165; if the mark-to-market election is not made, the net loss would be a capital loss deductible only to the extent of any capital gains plus $3,000.  See secs. 165(a), (c), (f), 1211(b)(1); Chen v. Commissioner, supra.

In Chen we held that the taxpayer was not a "trader in securities" for the relevant year for purposes of section 475(f) and, therefore, did not address the taxpayer's argument regarding whether he should be permitted to make an untimely, retroactive mark-to-market election because section 475(f) was not available to him.  As a result, we are presented with a novel issue: whether an allegation contained in an amendment to petition qualifies as an effective mark-to-market election.

---

[2](...continued)
>
>> (i) such person shall recognize gain or loss on any security held in connection with such trade or business at the close of any taxable year as if such security were sold for its fair market value on the last business day of such taxable year, * * *

With regard to making the mark-to-market election, section 475(f)(3) provides:

> (3) Election.--The elections under paragraphs (1) and (2) may be made separately for each trade or business and without the consent of the Secretary. Such an election, once made, shall apply to the taxable year for which made and all subsequent taxable years unless revoked with the consent of the Secretary.

The statute and regulations do not provide procedures that specify the time and manner to make a mark-to-market election.[3]

We look to the legislative history of section 475 to determine congressional intent because the statute is silent as to the procedures which must be followed to make a mark-to-market election. Ewing v. Commissioner, 118 T.C. 494, 503 (2002) (citing Burlington N.R.R. Co. v. Okla. Tax Commn., 481 U.S. 454, 461 (1987)); see Wells Fargo & Co. v. Commissioner, 120 T.C. 69, 89 (2003); Allen v. Commissioner, 118 T.C. 1, 7 (2002). The legislative history states that "The election will be made in the time and manner prescribed by the Secretary of the Treasury and will be effective for the taxable year for which it is made and all subsequent taxable years, unless revoked with the consent of the Secretary." See H. Conf. Rept. 105-148, at 446 (1997), 1997-4 C.B. (Vol. 1) 323, 768. Thus, the Secretary has authority to prescribe the time and manner of the election.

---

[3] The Commissioner issued proposed regulations on Jan. 28, 1999. Sec. 1.475(f)-1, Proposed Income Tax Regs., 64 Fed. Reg. 4378 (Jan. 28, 1999).

Under this authority, the Commissioner issued Rev. Proc. 99-17, 1999-1 C.B. 503, which provides the procedure for taxpayers to make a mark-to-market election. Generally, Rev. Proc. 99-17, sec. 5, 1999-1 C.B. at 504-505, provides that the taxpayer must file a statement which describes the election being made, the first taxable year for which the election is effective, and the trade or business for which the election is made. This statement must be filed not later than the due date of the Federal income tax return (without regard to extensions) for the taxable year immediately preceding the election year and must be attached to that tax return or to a request for an extension of time to file that return. Id.

The fact that petitioners did not file any statements with their tax returns for the years immediately preceding the years in issue (i.e., 1998, 1999, and 2000) would indicate that a mark-to-market election was not made. Therefore, we conclude that petitioners did not make a mark-to-market election in compliance with Rev. Proc. 99-17, supra, to affect the years in issue.[4]

The salient fact is that petitioners attempted to file a mark-to-market election by amending their petition long after the

---

[4] Rev. Proc. 99-17, 1999-1 C.B. 503, also requires that the taxpayer obtain the consent of the Commissioner to change his method of accounting to mark-to-market accounting. Id., sec. 5, 1999-1 C.B. at 504-505. We make no decision on the applicability of this requirement because the issue in the instant case is resolved by petitioners' failure to meet the due date of the mark-to-market election.

due dates of their tax returns for the years in issue.  In the meanwhile, respondent had audited those returns without disturbing petitioners' characterization of the gains and losses from securities transactions as capital and had determined deficiencies in petitioners' income taxes, prompting the petition to this Court.  Even assuming arguendo that we did not look to the revenue procedure for guidance, we would still conclude that the mark-to-market election on the amendment to petition was made so late that petitioners are not entitled to abandon the valid method for reporting capital gains and losses on their tax returns.  Cf. Pac. Natl. Co. v. Welch, 304 U.S. 191, 194-195 (1938) (change from method used on return for reporting gain on sale to installment method "would require recomputation and readjustment of tax liability for subsequent years and impose burdensome uncertainties upon the administration of the revenue laws"); Wierschem v. Commissioner, 82 T.C. 718, 722-724 (1984).

Therefore, we conclude that there is no genuine issue of material fact that petitioners did not make an effective mark-to-market election on the amendment to petition to avail themselves of the benefits of section 475(f).  As a result, respondent's motion for partial summary judgment will be granted.

To reflect the foregoing,

An order will be issued
granting respondent's motion for
partial summary judgment.