WALTER H. RIESTER and JANET C. RIESTER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Riester v. Commissioner
Docket No. 19064-82.
United States Tax Court
T.C. Memo 1985-46; 1985 Tax Ct. Memo LEXIS 583; 49 T.C.M. (CCH) 621; T.C.M. (RIA) 85046; January 30, 1985
*583 P was a limited partner in a partnership formed to exploit a motion picture. The partnership acquired the movie on December 14, 1976, and subsequently elected to depreciate the movie pursuant to the income forecast method on its 1976 partnership return. The partnership reported no income from the exploitation of the movie in 1976, 1977 or 1979 but claimed large depreciation deductions pursuant to the double-declining balance method in 1977 and 1978 and the straight-line method in 1979. R moved for partial summary judgment on the grounds that: 1) the partnership made a binding election to use the income forecast method in 1976; 2) in the absence of respondent's consent to change depreciation method, the partnership was required to use the income forecast method in 1977, 1978 and 1979; and 3) pursuant to this method, the partnership was not entitled to depreciation deductions for 1977 and 1979 since it received no income during those years. Held, R satisfied his burden of establishing that no genuine issue of material fact existed and, therefore, is entitled to a decision as a matter of law. Robert B. Milgroom, for the petitioners. Maureen T. O'Brien, for the respondent. NIMS
*622 MEMORANDUM OPINION NIMS, Judge: This matter is before the Court on respondent's motion for partial summary judgment pursuant to Rule 121. [1]
Respondent determined deficiencies in petitioners' Federal income tax as follows: Year
Deficiency
1977
$4,855.04
1978
3,752.16
1979
2,112.88
*585 Respondent's motion for partial summary judgment raises the following issues: 1) whether C.E. Associates, a limited partnership, elected to use the income forecast method of depreciation with respect to a motion picture entitled "Mysteries From Beyond the Triangle" on its 1976 partnership return; 2) whether C.E. Associates must compute depreciation pursuant to the income forecast method in 1977, 1978 and 1979; and 3) *3 whether C.E. Associates is entitled to depreciation deductions under the income forecast method for the motion picture in 1977 and 1979. Petitioners Walter H. Riester (hereinafter referred to as petitioner) and Janet C. Riester, husband and wife, resided in Lynnfield, Massachusetts, at the time the petition in this case was filed. During 1976, 1977, 1978 and 1979, petitioner owned a 6.25 percent limited partnership interest in C.E. Associates, a limited partnership formed to exploit a motion picture entitled "Mysteries From Beyond the Triangle." C.E. Associates acquired the film on December 14, 1976. On its 1976 U.S. Partnership Return (Form 1065), C.E. Associates reported no income from the exploitation of the motion picture. Schedule J (the depreciation *586 schedule) of that return provided as follows: Description of
Date
Cost or
Method of Computing
Depreciation
Property
Acquired
Other Basis
Depreciation
For This Year
Motion Picture
12/14/76
$500,000
Income Forecast
None
On its 1977, 1978 and 1979 partnership returns, C.E. Associates claimed depreciation deductions with respect to the movie in the amounts of $142,850, $102,038 and $51,022, respectively. For 1977 and 1978, the partnership computed depreciation pursuant to the double-declining balance method. *4 For 1979, the partnership used the straight-line method of depreciation. C.E. Associates reported no income from the exploitation of the movie in 1976, 1977 and 1979. On their 1977, 1978 and 1979 Federal income tax returns, petitioners reported partnership losses in the amounts of $10,665, $7,612 and $4,893, respectively, based on petitioner's interest in C.E. Associates. These losses reflect, in part, petitioner's distributive share of the partnership depreciation deductions. In his notice of deficiency, respondent fully disallowed the partnership losses claimed by petitioners. In his motion for partial summary judgment, respondent *587 argues the following: 1) the partnership elected the income forecast method of depreciation on its 1976 partnership return; 2) in the absence of respondent's consent to change depreciation methods, the partnership was required to use the income forecast method in 1977, 1978 and 1979; and 3) pursuant to this method, the partnership was not entitled to claim depreciation deductions for 1977 and 1979 since it received no income from the exploitation of the movie during those years. On its 1978 partnership return, the partnership reported distribution fees from the movie in the amount of $10,000. Respondent does not argue that the partnership's 1978 depreciation deduction should be disallowed. *5 Petitioners failed to respond to respondent's motion and did not appear at the motion hearing held in Boston, Massachusetts, on March 19, 1984. A decision may be rendered on a motion for summary judgment if the pleadings and any other acceptable materials show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. We may grant partial summary judgment when the decision does not dispose of all the issues in the case. Rule 121(b). *588 The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Jacklin v. Commissioner,79 T.C. 340, 344 (1982); Espinoza v. Commissioner,78 T.C. 412, 416 (1982). Under Rule 121(d), however, the mere denial of the moving party's allegations or restatements of a party's own allegations are insufficient to defeat a motion for summary judgment. Rather, the adverse party must set forth specific facts showing that there is a genuine issue for trial. The first issue we must decide is whether respondent has met his burden to establish that no genuine issue of material fact exists as to the partnership's election to use the income forecast method of depreciation in 1976. Section 167(a) provides that a taxpayer shall be allowed as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear of *6 property used in a trade or business. The period for depreciation begins when the asset is placed in service. See section 1.167(a)-10(b), Income Tax Regs. An asset is placed in service for purposes *589 of depreciation when it is acquired and available for use. Clairmont v. Commissioner,64 T.C. 1130, 1136 (1975), affd. by unpublished opinion 538 F.2d 332 (8th Cir. 1976). Based on respondent's motion for partial summary judgment and the attached affidavit and exhibits, we find that respondent has met his burden to establish that C.E. Associates made a binding election on its 1976 partnership return to use the income forecast method of depreciation. The partnership, by filling in Schedule J on its 1976 partnership return, clearly indicated that the movie was available for use in 1976. [2] In addition, the partnership indicated on Schedule J that it intended to compute depreciation with respect to the movie pursuant to the income forecast method. Since the income forecast method is an acceptable method of depreciation for motion pictures, Wildman v. Commissioner,78 T.C. 943, 950 (1982); Siegel v. Commissioner,78 *7 T.C. 659, 692 (1982), we hold, as a matter of law, that C.E. Associates made a binding election on its 1976 partnership return to use the income forecast method.
*590 Having decided that the partnership made a binding election in 1976 to use the income forecast method, we must nect decide whether the partnership is required to compute depreciation pursuant to the income forecast method in 1977 and 1979. Once a taxpayer elects an acceptable method of depreciation, he may only change that method with the consent of respondent. Sections 1.167(e)-1(a) and 1.446-1(e)(2), Income Tax Regs.; Wildman v. Commissioner,supra.Petitioner alleges no facts showing that the partnership obtained respondent's consent to change from the income forecast method of depreciation to either the double-declining balance or straight-line method of depreciation. Accordingly, we find, as a matter of law, that the partnership must compute depreciation pursuant to the income forecast method in 1977 and 1979. Finally, we must decide whether the partnership is entitled to depreciation deductions pursuant to the income forecast method in 1977 and 1979. Under the income forecast method, depreciation is computed by applying a fraction to the depreciable base of the movie, the numerator of which is the net income from the film for the taxable year and the *591 denominator of which is the forecasted total income to be derived from the film during its useful life. Fife v. Commissioner,82 T.C. 1 (1984); Greene v. Commissioner, *8 81 T.C. 132 (1983); see also Rev. Rul. 60-358, 1960-2 C.B. 68; Rev. Rul. 64-273, 1964-2 C.B. 62. The partnership returns for 1977 and 1979 disclose no income, gross or net, attributable to the movie. The numerator of the applicable fraction, therefore, is zero. Consequently, the partnership is not entitled to depreciation deductions for 1977 and 1979. Wildman v. Commissioner,supra at 951. Accordingly, respondent's motion for partial summary judgment on these issues will be granted. An appropriate order will be issued.
Footnotes
1. Unless otherwise indicated, all rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code of 1954 in effect for the years in question.↩
2. Even if the movie was not available for use in 1976, a taxpayer's election may, in fact, be binding even when made prior to the first year in which the taxpayer is entitled to compute depreciation. Missouri Public Service Company v. United States,370 F.2d 971, 975 (8th Cir. 1967). Alternatively, a taxpayer may make a binding election in a year subsequent to the first year in which the taxpayer is entitled to compute depreciation. Rodney v. Commissioner,53 T.C. 287, 317 (1969). In Rodney, we noted that although the taxpayer's choice of year was erroneous, his depreciation election was not. Rodney v. Commissioner,supra↩ at 317.